◼ JEAN WROBLEWSKI, Respondent, v. OTIS ELEVATOR COMPANY, Appellant. — Appeal from an order of the Supreme Court at Trial Term which denied defendant's motions (1) for a dismissal of the complaint for failure to prove a cause of action and (2) for a directed verdict; the jury having subsequently disagreed. The opinion of this court upon a prior appeal (9 A D 2d 294) outlined the facts and the principles of law which we considered applicable; the action being brought in negligence against an elevator service contractor to recover for personal injuries sustained by plaintiff when the elevator which she was operating, instead of ascending when she placed the control handle in the up position, plunged to the bottom of the elevator shaft. Plaintiff testified that in the morning of the day on which the accident occurred the elevator "was slipping and grabbing and not leveling at the floors"; that she reported this to her supervisor in the presence of defendant's elevator maintenance mechanic, who then went with her in the elevator to the ninth floor, where he "flashed his light in between the floor landing door and the cab door, his flashlight. He looked in there, told me it was all in my head, there was nothing wrong with the elevator." In the afternoon, plaintiff operated the elevator a number of times before the accident occurred. We held upon the prior appeal that, having undertaken to inspect, defendant "was obliged to perform such inspection in a reasonably careful and prudent manner, and its failure to do so would inure to the benefit of a third party using the elevator." (9 A D 2d 294, 297.) Defendant contends, however, first, that this rule does not aid plaintiff since there is no expert or other testimony that the slipping, grabbing and failure to level which plaintiff reported had anything to do with the later accident; and, second, that there is no proof that the inspection made was insufficient or that "ordinary, usual and reasonable inspection" would have revealed the defect subsequently found in one of the wires within the traveling control cable, which apparently caused the malfunction. Although favorable expert testimony might, indeed, have strengthened plaintiff's case substantially, we consider that upon the entire record a prima facie case was established. The issue presented was whether the inspection, once undertaken, was made with reasonable care in the

light of the proof and the legitimate inferences therefrom that, on the basis of plaintiff's complaint to her supervisor, a defect of some kind existed, that the cable and wires were old and defendant had marked the latter no better than "fair" upon an inspection shortly before the accident, and that the governor, which failed to stop the fall of the car, was not included in the inspection made on the day of the accident and there is some indication that it was not tested or closely examined upon previous inspections. (As to safety devices, cf. *Ames* v. *Watson El. Co.*, 303 N. Y. 732; *Beinhocker* v. *Barnes Development Corp.*, 296 N. Y. 925, mot. for rearg. den. 297 N. Y. 472.) Order affirmed, with costs to respondent. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.