■ HERBERT HENNES, Respondent, v. SAUL BLITZ, Appellant.— In an action to recover damages for personal injuries, based upon defendant's having furnished plaintiff with an allegedly defective ladder (Labor Law, § 240), defendant appeals from an interlocutory judgment of the Supreme Court, Nassau County, dated October 24, 1973, in favor of plaintiff on the issue of liability, upon a jury verdict, after a trial solely on that issue. Interlocutory judgment reversed, on the law, with costs, and complaint dismissed. The evidence produced by plaintiff failed to establish that the ladder supplied to him by defendant was defective. The proof was equally consistent with a possible finding that the condition of the cleat resulted from the fall of the ladder as it was with a possible finding that the condition of the cleat caused the fall. Thus, plaintiff failed to establish one of the requisite elements of his cause of action (*Kluttz* v. *Citron*, 2 N Y 2d 379, 383; see *Digelormo* v. *Weil*, 260 N. Y. 192, 200). Hopkins, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.

■ In the Matter of EDNA ALEXANDER et al., Appellants, v. ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Respondents.— In a proceeding pursuant to article 78 of the CPLR to review five separate determinations of the respondent Department of Social Services of the State of New York, which respectively affirmed, after statutory fair hearings, five determinations of the respondent Nassau County Department of Social Services (one as to each petitioner, reducing grants to the first four petitioners and discontinuing the grant to the fifth petitioner), petitioners appeal from an order of the Supreme Court, Nassau County, dated April 23, 1973, which dismissed the proceeding. Order reversed, on the law, without costs, and matter remanded to the respondent State agency for further proceedings and the making of findings in accordance with the views herein set forth. The determinations under review were based on a regulation enacted pursuant to section 131-i of the Social Service Law. That regulation (18 NYCRR 352.19 [c]) prescribes that a maximum deduction of $60 will be allowed to "home relief" grant recipients for work-related expenses. Because this deduction must include State and Federal taxes, pursuant to the regulation, petitioners argue that they should be allowed a larger deduction, in order that they not be penalized for earning larger salaries, for which taxes are higher. We find that there are insufficient facts presented to us on this appeal and therefore remand for determinations as to how the grants are figured; how much tax, if any, is *paid* by petitioners, as opposed to being withheld from their monthly pay and then refunded; and how much petitioners would be entitled to receive in relief were they not working. These factors must be established before it can be determined whether petitioners' allegations that they are penalized for working are true. Accordingly, we reverse and remand the matter to the State agency for further proceedings and the making of findings in accordance with the foregoing views. Hopkins, Acting P. J., Latham, Brennan and Benjamin, JJ., concur; Christ, J., not voting. [73 Misc 2d 992.]