■ EDITH EDWARDS, Respondent, v ROBERT NEMENYI et al., Appellants. — Judgment, Supreme Court, Bronx County (Mercorella, J.), entered February 16, 1982, upon a jury verdict in plaintiff's favor in the sum of $50,000, unanimously reversed, on the law, without costs or disbursements, and the complaint dismissed. Plaintiff, a 63-year-old cleaning woman, claimed negligence on the part of defendants, for whom she worked biweekly, in providing a defective step stool for use in the course of her housework. At the time of the accident plaintiff was standing barefooted on the top of the stool which was 25 to 30 inches high, holding onto the lower part of the window with her left hand and reaching to clean the top of a venetian blind with her right hand, when suddenly she "felt something give" under her. Although plaintiff does not know how she fell, she found herself on the floor in a sitting position with the stool lying beside her. Plaintiff testified that she had used the stool for the past 10 years but that for "over two months or more" it had been "shaky." She, however, offered no proof as to any defect in the stool nor did she even testify that it was shaky at the time of the fall. When defendant, after having established in an offer of proof out of the jury's presence that the stool was in the same condition as it was immediately before the accident, attempted to introduce the stool in evidence, the court, inexplicably, refused to admit it. After seeing the stool we can appreciate why plaintiff would resist its admission in evidence. It is, as described by defendants, absolutely sturdy. Even plaintiff conceded that the stool felt "solid" on the day of the accident. Contrary to plaintiff's arguments, the hinges to the two lower steps which fold into the framework of the stool had nothing to do with the accident. The position and stability of the stool, which stands on four stationary legs, do not depend on the condition of the retractable lower steps or their hinges. Moreover, plaintiff testified that these steps were firm and secure on the ground. While the error to admit the stool would in any event require a new trial, we reverse and dismiss the complaint. Defendants' motion to dismiss made at the close of

plaintiff's case should have been granted, since plaintiff failed to establish that the stool was defective and that such defect caused her fall. (See *Agnelli v Tonegatti,* 20 AD2d 887; see, also, *Hennes v Blitz,* 44 AD2d 598.) Concur — Sullivan, J. P., Carro, Asch, Bloom and Milonas, JJ.