◼ Joseph Parsolano et al., Respondents-Appellants, v County of Nassau, Appellant-Respondent, and Primus Development Corp., Defendant and

Third-Party Plaintiff-Respondent. MAXIMILLIAN ZEC, Doing Business as MCP PAINTING Co., Third-Party Defendant-Respondent. — In an action to recover damages for personal injuries based, *inter alia,* on section 240 of the Labor Law, plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), dated March 2, 1982, as denied plaintiffs' motions for summary judgment against defendants Primus Development Corp. (Primus) and County of Nassau (County), and granted defendant Primus' cross motion for summary judgment against plaintiffs. Defendant County of Nassau appeals (1) from so much of the same order as granted Primus' cross motion for summary judgment against plaintiffs, and granted Primus' cross motion for dismissal of the cross claim of the County and (2) as limited by its brief, from so much of an order of the same court dated June 24, 1982, as, upon reargument of the granting of Primus' cross motions, adhered to the original determination. Appeal from order dated March 2, 1982, dismissed insofar as it granted Primus' cross motions for summary judgment against plaintiffs and for dismissal of the cross claim of the County. That part of the order was superseded by the order dated June 24, 1982. Order dated March 2, 1982, affirmed insofar as it denied plaintiffs' motion for summary judgment against Primus and the County. Order dated June 24, 1982, reversed insofar as appealed from, order dated March 2, 1982 vacated insofar as it granted Primus' cross motions for summary judgment against plaintiffs and for dismissal of the cross claim of the county and said cross motions are denied. The County is awarded one bill of costs payable by Primus Development Corp. The County entered into a contract with Primus for the performance of certain repair work at the County's Bay Park Sewage Treatment Plant. The contract is dated October 19, 1978, but work was not scheduled to commence until November 27, 1978. On November 17, 1978, Primus entered into a subcontract with third-party defendant Maximillian Zec, doing business as MCP Painting Co. (Zec), for the performance of some of the work under the principal contract between Primus and the County. On November 24, 1978 plaintiff Joseph Parsolano was on the premises of the Bay Shore plant. He claims that, at the time, he was an employee of Zec and that he was present on the scene for the purpose of preparing a building for painting. Allegedly, while in the process of such preparation work, Mr. Parsolano fell off a ladder and thereby suffered personal injuries. There were no witnesses to the accident. Mr. Parsolano commenced this action against the County and Primus to recover for personal injuries suffered in the fall, grounded on an alleged violation of section 240 of the Labor Law and on common-law negligence. His wife is also a named plaintiff, alleging a cause of action for loss of services. Primus instituted a third-party action against Zec, and the County cross-claimed against Primus and against the third-party defendant Zec. Plaintiffs moved for summary judgment against the County and Primus. Primus cross-moved for summary judgment against the plaintiffs contending that section 240 of the Labor Law was inapplicable because Mr. Parsolano was injured before work was to begin on the site and that there was no evidence of negligence on its part. In an order dated December 3, 1981, Special Term (McCaffrey, J.) denied plaintiffs' motion and granted defendant Primus' cross motion. Plaintiffs moved to reargue the December 3, 1981 order. The County brought a cross motion for summary judgment against plaintiffs, and Primus cross-moved to dismiss the County's cross claim against it. By order dated March 2, 1982, the same court, among other things, granted reargument but adhered to the results of the December 3 order, denied the County's cross motion for summary judgment, and granted Primus' cross motion to dismiss the County's cross claim. The County then moved for reargument with respect to part of the March 2 order. Special Term,

in an order dated June 24, 1982, granted reargument and adhered to its prior determination. Special Term properly denied plaintiffs' motion for summary judgment. Since Mr. Parsolano was the only person to have witnessed the accident, whether he fell from a ladder or any other device, within the scope of section 240 of the Labor Law, is a triable issue of fact. "[S]ummary judgment should not be granted if the facts upon which the motion is predicated are exclusively within the knowledge of the moving party or clearly not within the knowledge of the opponent" (*Crocker-Citizens Nat. Bank v L. N. Mag. Distrs.,* 26 AD2d 667). Furthermore, assuming, *arguendo,* that Mr. Parsolano did fall from the ladder, the record does not indicate that it was not "so constructed, placed and operated as to give proper protection". Such a showing is required to recover under section 240 (*Struble v John Arborio, Inc.,* 74 AD2d 55; *Hennes v Blitz,* 44 AD2d 598). Nor does the record indicate whether such defect, if any, caused the accident. Such evidence is also required for recovery under section 240 (*Duda v Rouse Constr. Corp.,* 32 NY2d 405, 410). Special Term erred by granting Primus' cross motion for summary judgment against plaintiffs. Primus argues that on the day of the accident it had no authority to control Zec or Zec's employees or agents, because the accident occurred three days before work was scheduled to commence under Primus' contract with the County. However, it is undisputed that Zec and Primus entered into their contract before the date of the accident. The record does not indicate what agreement Primus and Zec had, if any, as to when Zec should begin performance under their contract. It appears that, on the date in question, Mr. Parsolano was indeed an employee of Zec. As such, it seems unlikely that Parsolano was on the job site as a volunteer, rather than employee, which would make section 240 inapplicable (see *Whelen v Warwick Val. Civic & Social Club,* 47 NY2d 970; *Yearke v Zarcone,* 57 AD2d 457, 459, mot for lv to app den 43 NY2d 643). A fact question exists as to whether Primus instructed Zec to begin work early or knew of Zec's or Mr. Parsolano's presence at the Bay Shore plant on the date of the accident. It makes no difference that Primus was not at the scene when the accident occurred since direct control and supervision is not a prerequisite to incurring liability under section 240 (see *Haimes v New York Tel. Co.,* 46 NY2d 132, 136; see, also, *Russin v Picciano & Son,* 54 NY2d 311; *Kenny v Fuller Co.,* 87 AD2d 183). Rather, it is the authority to supervise or co-ordinate the work that is essential (*Russin v Picciano & Son, supra*). The County of Nassau's cross claim against Primus should not have been dismissed because the contract between these two parties was entered into before the date of the incident and explicitly made Primus liable for any loss or claim resulting from the work thereunder. Gibbons, J. P., Thompson, Weinstein and Rubin, JJ., concur.