■ JOHN A. KOPACZ et al. Respondents, v AIRCO CARBON, DIVISION OF AIRCO, INC., Appellant and Third-Party Plaintiff-Respondent. ANITA B. FAMA, Doing Business as A & A FAMA WELDING, Third-Party Defendant-Appellant; JOHN J. GROSS, Doing Business as JOHN J. GROSS PLUMBING AND HEATING, et al., Third-Party Defendants-Respondents. — Order unanimously modified and, as modified, affirmed, with a separate bill of costs to plaintiffs and third-party defendant A & A Fama Welding, in accordance with the following memorandum: In this action for personal injuries arising from an alleged violation of subdivision 1 of section 240 of the Labor Law, Special Term properly granted plaintiff's motion for partial summary judgment on the issue of liability, but erred in denying the cross motion of third-party defendant A & A Fama Welding for an order dismissing Airco Carbon's third-party action and the cross claims of the remaining third-party defendants.

Plaintiff John Kopacz was seriously injured when he fell from a ladder while installing space heaters on the ceiling of a building owned by Airco. He was performing this work as an employee of third-party defendant John J. Gross Plumbing & Heating, Inc., a subcontractor of John Figler Plumbing & Heating Company, which had an oral contract with Airco to maintain, repair and replace steam, air and water lines in Airco's plant. Gross subcontracted with Fama to perform some of the maintenance work, particularly to unfreeze pipelines. Special Term found an issue of fact as to whether plaintiff's work on the space heaters was under the control of Gross and/or Fama.

Liability under section 240 extends to third parties, such as Fama, only if they have authority to supervise and control the activity producing the injury and so come within the purview of section 240 as the agent of the owner or contractor. The statutory "agent" language "limits the liability of a contractor as agent for a general contractor or owner for job site injuries to those areas and activities within the scope of the work delegated

or, in other words, to the particular agency created" (*Russin v Picciano & Son,* 54 NY2d 311, 318). It is the authority to supervise and control the situation causing the injury that is essential (*Parsolano v County of Nassau,* 93 AD2d 815; *Halftown v Triple D Leasing Corp.,* 89 AD2d 794). Direct control and supervision are not required.

The record establishes that at the time of the accident plaintiff was installing space heaters in the Airco plant, that he received no instruction for this activity from Fama, and that he was supervised by Fama, if at all, only with regard to unfreezing pipes. Neither Airco nor Gross produced evidence sufficient to dispute Fama's assertions that it had no authority to and did not supervise or control the activity giving rise to plaintiff's injuries and the motion should have been granted (see *Zuckerman v City of New York,* 49 NY2d 557). (Appeals from order of Supreme Court, Niagara County, Broughton, J. — summary judgment.) Present — Dillon, P. J., Doerr, Green, Moule and Schnepp, JJ.