■ CHARLES C. BINGHAM, Individually and as Administrator of the Estate of ROBERT M. BINGHAM, Deceased, et al., Respondents, v PATRICIA M. GODFREY, Individually and Doing Business as EMPIRE COMMERCIAL MAINTENANCE, Defendant and Third-Party Plaintiff-Respondent, and NATIONAL SUPER SERVICE Co., Appellant, et al., Defendant, ENTER ENTERPRISE, INC., Doing Business as TIMEPIECE CAFE, Third-Party Defendant-Respondent. (And Other Titles.)—In an action to recover damages for the wrongful death of plaintiffs' decedent, defendant National Super Service Co. appeals from so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), dated July 25, 1984, as denied its motion for summary judgment.

Order reversed, insofar as appealed from, on the law, mo-

tion granted and complaint and cross claims dismissed as against defendant National Super Service Co.

Appellant is awarded costs payable by third-party defendant Enter Enterprise, Inc., doing business as Timepiece Cafe.

A manufacturer of a product may not be cast in damages, either on a strict products liability or negligence theory, where, after the product leaves the possession and control of the manufacturer, there is a subsequent modification which substantially alters the product and is the proximate cause of the plaintiff's injuries *(Robinson v Reed-Prentice Div.,* 49 NY2d 471).

Here, plaintiffs' decedent was electrocuted while using a vacuum cleaner manufactured by National Super Service Co. in 1970. In support of its motion for summary judgment, National has established, prima facie, based on experts' affidavits and documentary proof, that the proximate cause of the accident was the subsequent alteration of the machine by a third party (an improper rewiring by changing a three-pronged grounded plug to a two-pronged standard plug and wrapping the grounding and hot wires together). It was then mandatory upon plaintiffs to submit evidentiary facts, by expert affidavit, rebutting the prima facie showing and demonstrating the existence of a triable issue of fact *(see, Indig v Finkelstein,* 23 NY2d 728).

Plaintiffs have failed to present any evidentiary proof in support of their contention that (1) it was feasible to design the product in a safer manner or that (2) a defect in the machine existed at the time of manufacture. Plaintiffs rely solely upon the affirmation of their attorney, who was without personal knowledge of the facts. This did not supply the evidentiary showing necessary to successfully resist the summary judgment motion *(see, Roche v Hearst Corp.,* 53 NY2d 767). Gibbons, J. P., Eiber, Kunzeman and Kooper, JJ., concur.