In an action to recover damages for personal injuries, defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Rubin, J.), dated November 29, 1983, as denied its motion for summary judgment.
Order affirmed, insofar as appealed from, with costs.
*462 Plaintiff, a passenger on a bus owned and operated by defendant, allegedly sustained serious injuries when a bus window shattered. Defendant states that the window was shattered by an unnamed person outside the bus and plaintiff does not challenge this version of the incident. Accordingly, defendant claims that it is not liable because it owes no duty to protect its passengers from attack by a third party (Weiner v Metropolitan Transp. Auth., 55 NY2d 175; Bardavid v New York City Tr. Auth., 61 NY2d 986, 987).
It is true, of course, that unless there exists a special relationship between the injured party and the public entity which allegedly committed the negligent act or omission, the agency is "immune from negligence claims arising out of the performance of [its] governmental functions, including police protection” (Miller v State of New York, 62 NY2d 506, 510). However, where the public entity acts both in a governmental and in a proprietary capacity, "[i]t is the specific act or omission out of which the injury is claimed to have arisen and the capacity in which that act or failure to act occurred which governs liability, not whether the agency involved is engaged generally in proprietary activity” (Weiner v Metropolitan Transp. Auth., supra, at p 182). This is so because a "governmental entity’s conduct may fall along a continuum of responsibility to individuals and society deriving from its governmental and proprietary functions” (Miller v State of New York, supra, at pp 511-512).
This principle is as applicable to the New York City Transit Authority as to any other public entity, and it may not escape liability for negligent acts which it performs in a proprietary capacity and which are a proximate cause of an injury which was sustained as the result of a foreseeable attack by a third party (Crosland v New York City Tr. Auth., 110 AD2d 148). We recently held in Crosland v New York City Tr. Auth. (supra) that the New York City Transit Authority was not immune from liability for a failure on the part of its employees to summon police assistance for a young man who was attacked by a juvenile gang at a subway station because the failure to summon aid fell within the range of the Authority’s proprietary duty as a common carrier to take reasonable measures to provide for its passengers’ safety and protection.
In this case, defendant is alleged to have violated a duty imposed by both State and Federal law (Vehicle and Traffic Law § 375 [11], [14]; 49 CFR 571.205) to use safety glass in bus windows. This requirement patently was intended to protect the public from shattered glass caused by a variety of road *463 hazards and the duty thereby imposed on all owners of motor vehicles does not implicate the governmental functions of defendant, but its proprietary functions. Hence, it may not, on a theory of immunity, escape liability for foreseeable injuries caused by its negligence.
Our examination of the record persuades us that Special Term did not abuse its discretion in denying defendant’s motion for summary judgment. That the bus window was in fact composed of safety glass has not been conclusively demonstrated by defendant, and the plaintiff’s failure to supply proof to the contrary in opposition to the summary judgment motion is warranted in light of the fact that the relevant information is solely in the possession of defendant and plaintiff has not yet had disclosure of that material (see, Parsolano v County of Nassau, 93 AD2d 815, 817). Lazer, J. P., Gibbons, Eiber and Kunzeman, JJ., concur.