■ GARRETT POWLES, Respondent-Appellant, v WEAN UNITED CORP., Respondent, and NEW ENGLAND ENGINEERING INC., Appellant-Respondent.—In an action to recover damages for personal injuries, the defendant New England Engineering, Inc., appeals from so much of an order of the Supreme Court, Queens County (Durante, J.), dated April 4, 1985, as denied its motion for summary judgment dismissing the complaint, and the plaintiff cross-appeals from so much of the order as granted the motion of the defendant Wean United

Corp. (hereinafter Wean) for summary judgment dismissing the complaint against it.

Ordered that the order is affirmed, with one bill of costs payable to the plaintiff and Wean.

The plaintiff injured his hand by getting it caught between two moving rollers of a calender press machine while he was cleaning the rollers. A safety cord, which, when pulled, would have stopped the rollers, had been disconnected. He sued the defendants, asserting claims to recover damages for negligence, breach of warranty, and strict products liability. Both the defendants moved for summary judgment.

The defendant New England Engineering Inc. (hereinafter New England) had repaired the machine for a period ending seven days before the occurrence, and such repair involved the removal of the safety cord in question. Denial of the defendant New England's motion was proper since triable issues of fact exist as to whether an employee of New England left the safety cord unconnected and, if so, whether the failure to reattach the safety cord contributed to the plaintiff's injuries *(see, Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395; *Sles v Heidelberg E.,* 78 AD2d 521; *Howell v Bennett Buick,* 52 AD2d 590).

Wean manufactured the machine in 1947 with the safety cord annexed. The granting of Wean's motion for summary judgment was proper since it established that: (1) the machine was not being used in the manner it was intended to be used (i.e., with the safety cord attached), and (2) there was a subsequent modification of the machine (i.e., removal of the safety cord) by another party (either a co-worker of the plaintiff or an employee of the defendant New England) which substantially altered it and which was a proximate cause of this occurrence *(see, Robinson v Reed-Prentice Div.,* 49 NY2d 471; *Codling v Paglia,* 32 NY2d 330). Having thus made a prima facie showing that it was not liable to the plaintiff *(Vermette v Kenworth Truck Co.,* 68 NY2d 714), the plaintiff was then required to submit evidentiary facts, by expert affidavit, rebutting the prima facie showing and demonstrating the existence of a triable issue of fact in regard to his claim that the machine had been negligently or defectively manufactured or designed *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Bingham v Godfrey,* 114 AD2d 987, 988).

The plaintiff, however, failed to present any evidentiary proof in support of his contention that it was feasible to design the machine in a safer manner or that a defect in the

machine existed at the time of its manufacture in 1947. An affidavit by his attorney, who was without personal knowledge of the facts, containing conclusory assertions that the machine was defectively designed and promising to supply expert testimony at the trial, did not supply the evidentiary showing necessary to successfully resist the summary judgment motion *(see, GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965; *Zuckerman v City of New York,* 49 NY2d 557, 562; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1068). As recently stated by this court in *Bingham v Godfrey (supra,* at p 988), the rule with regard to opposing summary judgment in a products case is as follows:

"It was * * * mandatory upon plaintiffs to submit evidentiary facts, *by expert affidavit,* rebutting the prima facie showing and demonstrating the existence of a triable issue of fact *(see, Indig v Finkelstein,* 23 NY2d 728).

"Plaintiffs have failed to present any evidentiary proof in support of their contention that (1) it was feasible to design the product in a safer manner or that (2) a defect in the machine existed at the time of manufacture. Plaintiffs rely solely upon the affirmation of their attorney, who was without personal knowledge of the facts. This did not supply the evidentiary showing necessary to successfully resist the summary judgment motion *(see, Roche v Hearst Corp.,* 53 NY2d 767)" (emphasis supplied).

Accordingly, summary judgment was properly granted in favor of Wean. Thompson, J. P., Weinstein, Eiber and Spatt, JJ., concur.