LAWRENCE PUTNICK et al., Respondents-Appellants, v H.M.C. ASSOCIATES et al., Defendants and Third-Party Plaintiffs-Respondents, and CHESEBRO-WHITMAN MANUFACTURING COMPANY et al., Appellants-Respondents. TURNER TELECOMMUNICATIONS SYSTEMS CORPORATION, Third-Party Defendant-Appellant; WILLIAM TURNER, Doing Business as DELMAR LIQUOR & WINE STORE, Third-Party Defendant-Respondent.

Third Department, May 19, 1988

## APPEARANCES OF COUNSEL

*Maynard, O'Connor & Smith (Brian R. LeCours* and *Roger J. Cusick* of counsel), for Chesebro-Whitman Manufacturing Company, appellant-respondent.

*Roemer & Featherstonhaugh, P. C. (Claudia R. McKenna* of counsel), for Albany Ladder Company, appellant-respondent.

*Stephen R. Spring* for Electronic Business Systems Corporation, appellant-respondent.

*Miles & Hamlin (Kris T. Jackstadt* of counsel), for third-party defendant-appellant.

*Morris J. Bloomberg* for respondents-appellants.

*William M. Weeger (Kathleen C. Sassani* of counsel), for defendants and third-party plaintiffs-respondents.

### OPINION OF THE COURT

KANE, J.

Plaintiff Lawrence Putnick (hereinafter plaintiff) is an employee of a subcontractor, third-party defendant Turner Telecommunications Systems Corporation (hereinafter Turner Telecommunications), a party to a contract with defendant Electronic Business Systems Corporation (hereinafter Electronic Business), providing for the installation of a new telecommunications system at the site of the renovation of a branch of defendant and third-party plaintiff Key Bank, N. A. (hereinafter Key Bank). Key Bank leased the site from defendant and third-party plaintiff Delaware Plaza Associates (hereinafter Delaware Plaza), the owner, together with defendant and third-party plaintiff H.M.C. Associates, of the land and the building situated thereon.

On June 1, 1984, plaintiff sustained a fracture to his elbow when he fell from a standard six-foot wooden stepladder during the course of installing telephone cables within the ceiling of the premises being renovated. He contends that while standing on the third rung of the ladder and reaching overhead, the ladder gave way beneath him causing his fall and resulting injuries. An action was commenced by plaintiff and his wife against H.M.C. Associates, Delaware Plaza and Key Bank for personal injuries and derivative damages based upon theories of negligence and violations of the Labor Law. In turn, third-party actions were commenced against defendant Chesebro-Whitman Manufacturing Company (hereinafter Chesebro-Whitman), the manufacturer of the ladder, defendant Albany Ladder Company (hereinafter Albany Ladder), the seller of the ladder to Turner Telecommunications, defendant Bunkoff Construction Company (hereinafter Bunkoff), the

general contractor, and Turner Telecommunications. The cause of action against Bunkoff was dismissed on motion and it is no longer a party to this action.

Plaintiffs then amended their complaint to, *inter alia,* assert direct claims against Chesebro-Whitman and Albany Ladder for negligence and strict products liability. They also commenced a separate action against Electronic Business asserting negligence and Labor Law violations, which was then consolidated with the instant action. After joinder of issue, Chesebro-Whitman and Albany Ladder each separately moved for summary judgment dismissing the claims against them. Plaintiffs, for their part, moved for summary judgment against H.M.C. Associates, Delaware Plaza, Key Bank and Electronic Business based on the cause of action alleging a violation of Labor Law § 240. Electronic Business cross-moved for summary judgment against Turner Telecommunications seeking indemnification, while Turner Telecommunications moved for summary judgment dismissing the claim for indemnification against it for violation of Labor Law § 240. Supreme Court denied all of the motions and these cross appeals ensued.

We turn first to the question of whether Supreme Court properly denied the motions by Chesebro-Whitman and Albany Ladder for summary judgment dismissing plaintiffs' claims against them for negligence and strict products liability. Plaintiffs' reliance on these theories is predicated on the alleged defective manufacture of the ladder, its defective design and the failure to provide adequate warnings. To support their motions for summary judgment, Chesebro-Whitman and Albany Ladder submitted affidavits and pretrial testimony of an expert. The expert stated that based upon his inspection of the ladder after the accident, he found no defect in the wood or its other components and no defect in its design or in the manufacturing process. He also noted that the ladder had been equipped with warning instructions which had been physically attached to it. He concluded that the ladder had been fractured by a lateral blow to its side rail which caused it to break. Chesebro-Whitman and Albany Ladder also contended that upon inspection of the ladder prior to its sale, no defects were discovered.

In opposition, plaintiffs submitted pretrial testimony of plaintiff as to the circumstances of the accident. He alleged that at the time of the accident, he was on the third rung of the ladder and was lacing telephone cables over his head

when he heard the sound of breaking wood and felt the ladder go out from beneath him. He stated that nothing struck the ladder during the time he was using it.

In our view, contrary to the assertions of Chesebro-Whitman and Albany Ladder, plaintiffs were not required to submit expert testimony to rebut the expert's conclusions. As it has been stated, "[n]o doubt utilization of expert testimony is the rule rather than the exception in this type of case, but, in the end, each case must be judged upon its own facts" *(Jackson v Melvey,* 56 AD2d 836, 837; *see, Johnson v Michelin Tire Corp.,* 110 AD2d 824). The decisions in *Powles v Wean United Corp.* (126 AD2d 624, *appeal dismissed* 69 NY2d 1016) and *Bingham v Godfrey* (114 AD2d 987, *appeal dismissed* 67 NY2d 753), which Chesebro-Whitman and Albany Ladder cite for support, are inapposite. Although both cases noted that expert affidavits were required to rebut a prima facie showing by the movants for summary judgment in products liability causes of action, the only evidentiary proof submitted in opposition in each case was an attorney's affidavit without personal knowledge of the facts. In contrast, here, plaintiff's testimony was based on his own personal knowledge.

Nevertheless, even if it is accepted that plaintiffs were not required to submit expert testimony, it is still necessary to determine whether the evidence they did present was sufficient to defeat the motions by Chesebro-Whitman and Albany Ladder for summary judgment. As noted, plaintiffs alleged defects in the manufacture of the ladder, in its design and the failure to give adequate warnings *(see, Robinson v Reed-Prentice Div.,* 49 NY2d 471, 478-479). In our view, plaintiffs sufficiently demonstrated a question of fact as to the defective manufacture of the ladder. Plaintiffs did not submit direct proof of a defect in the ladder; however, a defect in a product may be inferred from circumstantial evidence that the product did not perform as intended *(see, Codling v Paglia,* 32 NY2d 330, 337).* Here, plaintiff's testimony that he heard the ladder crack permits the inference that the ladder did not perform as intended. Chesebro-Whitman claims that plaintiffs were required to exclude all causes of the accident not attributable to it. However, the cases it cites for support all involved trials and not motions for summary judgment *(see,*

---

* Both a manufacturer and a retailer may be found liable under a strict products liability theory even though the latter did not manufacture the product *(see, Mead v Warner Pruyn Div.,* 57 AD2d 340).

*Halloran v Virginia Chems.,* 41 NY2d 386; *Edwards v Nemenyi,* 92 AD2d 785, *affd* 61 NY2d 800; *Fox v Corning Glass Works,* 81 AD2d 826). Furthermore, there is evidence in the record that the defect existed while the ladder was in Chesebro-Whitman's control. Thus, Supreme Court properly denied the motions for summary judgment on plaintiffs' claims predicated on defective manufacturing.

However, we reach a different conclusion with respect to plaintiffs' allegations of a design defect and the failure of adequate warnings. Plaintiffs presented no testimony or any evidence to demonstrate an inherent defect in the ladder's design or that "it was feasible to design [the ladder] in a safer manner" *(Voss v Black & Decker Mfg. Co.,* 59 NY2d 102, 108). The same is true of the claim for inadequate warnings *(see, Rainbow v Elia Bldg. Co.,* 49 AD2d 250, 253). Here, warnings were affixed to the ladder and plaintiff acknowledged that he saw them, although he could not recall what they said. Plaintiff offered nothing to demonstrate that the warnings provided were inadequate. Reasonableness is the standard against which liability is imposed for design defects, the same standard applicable in negligence cases generally *(see, Bolm v Triumph Corp.,* 33 NY2d 151, 157-158), and a plaintiff is required to demonstrate that a defendant failed to give adequate warnings, the standard again being the same as the one applied in negligence *(see, Rainbow v Elia Bldg. Co., supra,* at 253). Thus, dismissal of both the negligence and strict products liability causes of action to the extent that each is based on design defects and inadequate warnings was required upon plaintiffs' failure to meet the above requirements of proof. Therefore, Supreme Court improperly denied the motions by Chesebro-Whitman and Albany Ladder with respect to the negligence and strict products liability claims predicated on design defects and inadequate warnings.

We turn next to plaintiffs' claim against H.M.C. Associates, Delaware Plaza, Key Bank and Electronic Business for violation of Labor Law § 240. Plaintiffs allege improper placement and defective construction of the ladder. Turner Telecommunications sought summary judgment claiming that the statute was inapplicable to the type of work at issue, while plaintiffs sought summary judgment in their favor on the issue of liability under Labor Law § 240.

Whether the installation of the telephone cables falls within the statute's ambit cannot be resolved as a matter of law at this juncture. Turner Telecommunications claims that

Labor Law § 240 applies only to work which is permanent in nature and must be part of the structure of the building, while plaintiffs assert that the cables did become part of the building's structure and that their installation was identical to the electrical wiring of a building. Given the factual dispute and the lack of more information regarding the precise nature of plaintiff's work, Supreme Court properly denied the motions for summary judgment by plaintiffs and Turner Telecommunications.

■ Finally, we address Electronic Business' motion for summary judgment against Turner Telecommunications. It claimed that it was entitled to indemnification in the event it was found liable on plaintiffs' claim against it for violation of Labor Law § 240. However, insofar as no determination has as yet been made as to the respective parties' fault, this claim for indemnification is premature (see, Yager v Arlen Realty & Dev. Corp., 95 AD2d 853; Smith v Hooker Chems. & Plastics Corp., 89 AD2d 361, 366, appeal dismissed 58 NY2d 824; cf., Kelly v Diesel Constr. Div., 35 NY2d 1; Glielmi v Toys "R" Us, 94 AD2d 663, affd 62 NY2d 664).

MAHONEY, P. J., CASEY, WEISS and MERCURE, JJ., concur.

Order modified, on the law, without costs, by reversing so much thereof as denied the motions by defendants Chesebro-Whitman Manufacturing Company and Albany Ladder Company for summary judgment seeking dismissal of plaintiffs' claims for negligence and strict products liability premised upon defective design of the ladder and failure to provide adequate warnings; these motions are granted to that extent and those causes of action are dismissed against said defendants; and, as so modified, affirmed.