■ DEANNE L. KERNER et al., Appellants, v WALDBAUM'S SUPERMARKETS, INC., et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Rockland County (Stolarik, J.), entered August 7, 1987, which, upon an order granting the respective motions of the defendants pursuant to CPLR 4401 for judgment as a matter of law made at the close of the plaintiffs' case, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The issue on appeal is the propriety of the trial court's granting of the defendants' motions for judgment as a matter of law on the issue of liability. The plaintiff Deanne Kerner was injured when she attempted to separate pieces of frozen hors d'oeuvres with a knife, and cut her hand. The plaintiffs sued the defendant Waldbaum's Supermarkets, Inc., the retailer of the frozen product, and defendant Red L. Foods, Inc., the manufacturer and packager of the item.

It is well established that the standard to be applied in deciding a motion for judgment as a matter of law is whether the trial court could find that by no rational process, could the trier of fact base a finding upon the evidence presented in favor of the party opposing the motion *(see, Lipsius v White,* 91 AD2d 271; *Dolitsky v Bay Isle Oil Co.,* 111 AD2d 366). The plaintiffs clearly failed to establish that the injuries sustained were the result of any negligence or breach of warranty on the part of the defendants *(see, Putnick v H.M.C. Assocs.,* 137 AD2d 179; UCC 2-314, 2-315). Further, there was no evidence which would sustain a claim based on strict liability *(see, Codling v Paglia,* 32 NY2d 330). In light of the fact that the plaintiffs point to no viable theory of recovery against either

defendant, the trial court did not err in granting the respective motions of the defendants for judgment as a matter of law made at the close of the plaintiffs' case. Mollen, P. J., Kooper, Sullivan and Harwood, JJ., concur.