■ ELAINE SMITH, Individually and as Administratrix of the Estate of ROBERT SMITH, Deceased, Respondent, v TOWN OF BROOKHAVEN, Appellant. (And a Third-Party Action.)—In an action to recover damages for personal injuries, etc., the defendant Town of Brookhaven appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated November 10, 1987, which denied its motion for summary judgment dismissing the complaint and granted the plaintiff's cross motion, *inter alia,* to amend the pleadings so as to add a cause of action against it to recover damages for wrongful death.

Ordered that the order is reversed, on the law, with costs, the motion of the defendant Town of Brookhaven for summary judgment dismissing the complaint is granted, and the plaintiff's cross motion, *inter alia,* to add a cause of action against the defendant Town of Brookhaven to recover damages for wrongful death is denied.

The instant action arose out of a two-vehicle accident which occurred on May 9, 1979, on College Road in Suffolk County, at the entrance to a parking area for Suffolk County Community College. The third-party defendant, Michael Cowdell, was traveling north on College Road and was in the process of making a left turn into a parking area of the college when his truck was struck by a motorcycle operated by the plaintiff's decedent. The particular parking area was the smallest on campus, and its entrance was located south of the two main entrances of the college.

The gravamen of the plaintiff's action against the defendant Town of Brookhaven (hereinafter the Town) was that the Town negligently caused injuries to the plaintiff's decedent by failing to provide a traffic signal on College Road where it intersected with the particular campus parking area entrance.

In our view, the Town's motion for summary judgment should have been granted. As the Court of Appeals stated in *Friedman v State of New York* (67 NY2d 271, 283-284):

"It has long been held that a municipality ' "owe[s] to the public the absolute duty of keeping its streets in a reasonably safe condition" ' *(Weiss v Fote,* 7 NY2d 579, 584, *supra,* quoting *Annino v City of Utica,* 276 NY 192, 196; *see also, Lopes v Rostad,* 45 NY2d 617, 623). While this duty is nondelegable, it is measured by the courts with consideration given to the proper limits on intrusion into the municipality's planning and decision-making functions. Thus, in the field of traffic design engineering, the State is accorded a qualified immunity from liability arising out of a highway planning decision *(Alexander v Eldred,* 63 NY2d 460, 465-466; *Weiss v Fote,* 7 NY2d 579, 585-586, *supra).* * * *

"Under this doctrine of qualified immunity, a governmental body may be held liable when its study of a traffic condition is plainly inadequate or there is no reasonable basis for its traffic plan *(Alexander v Eldred,* 63 NY2d 460, 466, *supra* [municipality's traffic engineer's mistaken belief that the city had no authority to place a stop sign on a private road]). Once the State is made aware of a dangerous traffic condition it must undertake reasonable study thereof with an eye toward alleviating the danger *(Heffler v State of New York,* 96 AD2d 926, 927; *Sanford v State of New York,* 94 AD2d 857, 859; *Atkinson v City of Oneida,* 77 AD2d 257). Moreover, after the State implements a traffic plan it is 'under a continuing duty to review its plan' in the light of its actual operation' *(Weiss v Fote,* 7 NY2d 579, 587, *supra; Atkinson v City of Oneida,* 77 AD2d 257, 261, *supra)".*

In support of its motion for summary judgment, the Town submitted a study conducted by Suffolk County in 1973, at the request of Suffolk County Community College, concerning traffic conditions at the entrances to the college on College Road. The study concluded that no traffic control signals were necessary for the main campus entrances on College Road. In addition, the Town submitted an expert's report, dated June 1982, indicating that traffic conditions had not changed to any extent which would require the Town to modify its traffic plan *(cf., Weiss v Fote,* 7 NY2d 579, *supra).* The report of the defendant Town's expert states:

"Since a signal is not justified for the main college entrance-exit, it most certainly is not required for the secondary access road where this accident occurred. Since the accident occurred at the entrance to a 102 space remote parking lot, it is inconceivable that an hourly flow of more than a hundred vehicles could exist. There is no justification for a signal in such a low volume side access road.

"REQUIREMENT OF MANUAL OF UNIFORM TRAFFIC CONTROL DEVICES

"Section 280.2 (f) lists the warrants for a traffic control signal. None of the eight 'warrants' or considerations listed apply to this accident location and consequently do not justify the employment of a signal".

The Town thus having made a prima facie case that it was not liable to the plaintiff, it was incumbent upon the plaintiff, in order to defeat the Town's motion for summary judgment, to show facts sufficient to require a trial and to make that showing "by producing evidentiary proof in admissible form" *(Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068; *see also, Di Sabato v Soffes,* 9 AD2d 297, 301). The plaintiff's opposition to the instant motion for summary judgment took the form of an affirmation of an attorney without personal knowledge of the facts. This did not supply the evidentiary showing necessary to successfully resist the Town's motion for summary judgment *(see, Bingham v Godfrey,* 114 AD2d 987). In any event, excerpts of the examination before trial of the third-party defendant Cowdell, which were submitted in support of the Town's motion for summary judgment and were uncontradicted by the plaintiff, clearly indicate that the Town's failure to install a traffic signal was not the proximate cause of the accident. Accordingly, the Town's motion for summary judgment must be granted and the plaintiff's cross motion denied. Mangano, J. P., Bracken, Kunzeman and Eiber, JJ., concur.