■ WILLIAM G. HARMON et al., Plaintiffs, v AL ZIEHM, Individually and Doing Business as AL'S PITCHER'S MOUND, Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. WILLIAM G. HARMON, INC., Third-Party Defendant-Appellant.—Order insofar as appealed from unanimously reversed on the law with costs and motion granted. Memorandum: The court erred in denying third-party defendant's motion for summary judgment dismissing third-party plaintiff Ziehm's complaint against it. Third-party defendant met its initial burden of showing that it owed no duty to Ziehm or to plaintiff; without a duty, there can be no liability for contribution or indemnification (see, Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp., 71 NY2d 599, 603; Smith v Hooker Chem. & Plastics Corp., 83 AD2d 199, 201-202, lv dismissed 56 NY2d 503). Nor can third-party defendant be held liable under Labor Law §§ 240 and 241. It had no authority to control the activity bringing about the injury, and thus could not avoid or correct an unsafe condition (see, Russin v Picciano & Son, 54 NY2d 311, 317-318; Kopacz v Airco Carbon, 104 AD2d 722). Third-party plaintiff's submission of an attorney's affidavit stating that unspecified EBT testimony revealed triable issues of fact regarding the nature of the relationship among third-party defendant, defendant Janowsky, and plaintiff was conclusory and insufficient to raise an issue of fact (see generally, GTF Mktg. v Colonial Aluminum Sales, 66 NY2d 965, 967-968). (Appeal from order of Supreme Court, Erie County, Sedita, J.—summary judgment.) Present—Callahan, J. P., Denman, Pine, Balio and Lawton, JJ.