■ ANTHONY D. GARRANT, Respondent, v NEW YORK TELEPHONE COMPANY, Appellant, et al., Defendants.—Harvey, J.

Plaintiff, an employee of Osmose Wood Preserving Inc., was injured on November 30, 1984 while installing utility line insulation to telephone lines belonging to defendant New York Telephone Company (hereinafter defendant) in the Town of Monroe, Orange County. At the time of the accident, plaintiff was standing on an extension ladder which was hooked onto the telephone line upon which he was working. Apparently, defendant also owned or at least co-owned the poles between which the line was suspended. The accident occurred at approximately 4:30 P.M. when the ladder became detached from the telephone line, causing plaintiff to fall 20 feet to the ground and sustain serious bodily injuries.

Thereafter, plaintiff commenced this action alleging negligence and Labor Law violations. Following joinder of issue, plaintiff moved for summary judgment against defendant with respect to his Labor Law § 240 (1) claim. Defendant cross-moved for summary judgment dismissing plaintiff's Labor Law §§ 240 and 241 claims. Supreme Court denied both motions and this appeal by defendant followed.

We affirm. Labor Law § 240 (1) provides in relevant part that "[a]ll contractors and owners and their agents * * * in the * * * altering * * * of a building or *structure* shall furnish * * * for the performance of such labor [such safety equipment] as to give proper protection to a person so employed" (emphasis supplied). Defendant principally contends on appeal that his cross motion for summary judgment should have been granted because a telephone *line* allegedly cannot be considered to be a "structure" within the meaning of the statute. However, we find defendant's arguments to be far too limited in their scope as to the matters at hand. As this court recently noted, a telephone pole, because of its "attached hardware, cable and support systems", is a structure within the scope of Labor Law § 240 (1) *(Lewis-Moors v Contel of N. Y.,* 167 AD2d 732, 733, *affd* 78 NY2d 942). It is undisputed that the telephone line at issue was suspended between two telephone poles. Notably the word structure " 'in its broadest sense includes any production or piece of work artificially built up or composed of parts joined together in some definite manner' " *(supra,* at 733, quoting *Caddy v Interborough Rapid Tr. Co.,* 195 NY 415, 420). Given the liberal interpretation to be afforded Labor Law § 240 (1) *(see, Lewis-Moors v Contel of*

*N. Y., supra,* at 733) and the clear indication from the record that the telephone line involved here became a part of (or an offshoot of) the telephone pole "structures" to which they were attached *(cf., Putnick v H.M.C. Assocs.,* 137 AD2d 179, 185), summary judgment in defendant's favor was properly denied.

Defendant's remaining arguments have been examined and found to be without merit. We disagree with its contention that Supreme Court should have found as a matter of law that weatherguarding is not an activity encompassed by Labor Law § 240 (1). Defendant's own employee George Miller admitted that weatherguarding is a permanent attachment to the telephone line. Accordingly, if telephone lines are considered to be part of a structure, then placing weatherguarding on a telephone line could constitute an alteration of that structure as contemplated by the statute. As for defendant's contention that it could not be considered an owner within the meaning of Labor Law § 240 (1) and § 241 (6), we are also in disagreement. Miller admitted that defendant owns the telephone line in question and he gave testimony implying that defendant at least partially owned the connecting telephone poles. Further, the record indicates that the two telephone poles supporting the line both bore emblems with defendant's initials, which raises a question of fact over whether defendant had at least a partial ownership interest in the telephone lines. Finally, even though the literal definition of Labor Law § 241 (6) only includes buildings and does not mention structures, this court has noted in the past that the term "building" as used in Labor Law § 241 (6) includes structures in its definition *(see, Page v State of New York,* 73 AD2d 479, 480-481, *affd* 56 NY2d 604). Consequently, defendant has not shown itself to be entitled to summary judgment on this or the other issues raised on this appeal.

Mikoll, J. P., Yesawich Jr. and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.