OPINION OF THE COURT
Joseph D. Mintz, J.
Plaintiff moves for partial summary judgment on the issue of liability under Labor Law § 240. Defendant cross-moves to dismiss the action on the grounds that it is not a liable person within the meaning of section 240.
Section 240 imposes absolute liability upon "[a]ll contractors and owners and their agents”. (Haimes v New York Tel. Co., 46 NY2d 132, 134 [1978].) By a 1980 amendment, section 240 excepts from liability "owners of one and two-family dwellings who contract for but do not direct or control the work.” Both parties agree that the owner of the premises, Carol Kirk, neither directed nor controlled the work, and is entitled to the exception.
The following facts are not in dispute for purposes of this motion: Ms. Kirk contracted with defendant for the purchase and installation of a skylight. The invoice, which constitutes the contract, provides on its front "builders square hereby offers this material and installation of materials listed above”. On the back of the invoice there is contained a labor guaranty by defendant of all of the work performed in the installation. Also contained on the back is the following language: "Installation: It is understood that Builders Square will not install * * * [unreadable word] * * * but that by acceptance of this proposal you authorize Builders Square to arrange with a contractor licensed where required to * * * [unreadable words] installation. You authorize Builders Square (1) to issue to said contractor a copy of these specifications (2) to inspect the installation upon completion when considered necessary, and (3) to pay the contractor his charge for such installation upon your signature below or elsewhere establishing that the installation has been satisfactorily completed.” By contract between Builders Square and Sharp Renovations, it is clear *625 that Sharp Renovations is the contractor to perform the work for Ms. Kirk. Plaintiff is an employee of Sharp Renovations.
Defendant claims that by these two contracts it is not a liable person under section 240. Defendant further claims that if it is an agent under section 240, as an agent of a homeowner who has exercised no control, it is entitled to the single-family owner exception.
No formal definition of "contractor” or "agent” exists within the Labor Law or the cases interpreting it. Whether a party is an agent or a contractor under section 240 depends on the authority that party has to undertake the construction, hire the subcontractors and control the work. (Clapp v Eastern Rock Prods., 167 AD2d 902 [4th Dept 1990], lv denied 78 NY2d 851 [1992].) In Currie v Scott Contr. Corp. (203 AD2d 825, 826 [3d Dept 1994]), the Court stated: "A third party is considered an agent within the meaning of this statute if it had the authority to supervise or control the work out of which the injury arose regardless of whether said third party actually did so.” Similarly, in Kopacz v Airco Carbon (104 AD2d 722 [4th Dept 1984]), the Court stated: "It is the authority to supervise and control the situation causing the injury that is essential * * * Direct control and supervision are not required.” (Citations omitted.)
The extent of authority to control the work necessary before a party is considered an agent within the meaning of section 240 is not clear. Mere power to inspect is not sufficient. (Seeber v City of Oswego, 148 Misc 2d 366 [Sup Ct, Oswego County 1990], affd on opn below 176 AD2d 1194 [4th Dept 1991].) On the other hand, the defendant here had the authority to hire the contractor, dictating whatever terms of supervision or control they wished, in addition to the power to inspect and the authority to pay the contractor. That the defendant may have, by their contract with Sharp Renovations, not reserved any right of direct supervision of the work, or not actually supervised the work is not relevant. By the terms of its contract with the owner, defendant had total authority to supervise and control all of the aspects of the installation of the skylight. Furthermore, by its guaranty of the work, it is likely that defendant would exercise some authority over the performance of the work. This is sufficient to make defendant an agent within the meaning of the act.
Defendant argues that even if it is an agent of the owner, it is entitled to the exception for single-family homes. *626 This is against the language and purpose of the amendment. First, section 240 provides that liability is imposed on "[a]ll contractors and owners and their agents, except owners of one and two-family dwellings”. If defendant were entitled to the exception, the statute would have provided the exception to "owners and their agents”. By the language of the exception only owners are exempt, not their agents. Second, exceptions are to be read narrowly, and all doubts with respect to this exception are to be resolved in favor of the general provisions. (Van Amerogen v Donnini, 78 NY2d 880 [1991].) Finally, the purpose of the exception is "to protect those people who, lacking business sophistication, would not know or anticipate the need to obtain insurance to cover them against the absolute liability imposed by section 240 (1).” (Lombardi v Stout, 80 NY2d 290, 296 [1992].) Defendant, as one regularly engaged in the sale of materials and installation of them, is not intended by the statute to be insulated from liability. It is likely that it is for this reason that the statute is drawn only to except owners of one- or two-family dwellings, not their agents.
For these reasons, the defendant’s motion is denied. With respect to plaintiffs motion for partial summary judgment, plaintiff has testified under oath that he fell from a ladder from approximately 12 feet from the ground. While the fall was not witnessed, defendant offers no proof, or even any theory, as to any other manner of plaintiffs injury. Plaintiff has already been deposed by defendant, and no alternate theory was explored in that deposition. Under these circumstances, defendant has not come forward with proof sufficient to defeat plaintiffs motion for partial summary judgment. (Marasco v Kaplan, 177 AD2d 933 [4th Dept 1991].) For these reasons, the plaintiffs motion is granted.