■ JOSEPH McMANUS et al., Appellants, v FERNO WASHINGTON, INC., Respondent. [655 NYS2d 992] —In a products liability action, the plaintiffs appeal from an order of the Supreme Court, Kings County (Vinik, J.), dated February 7, 1996, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff Joseph McManus, a New York City Emergency Medical Service employee, was injured when, while transporting a patient, the locking mechanism on the stretcher allegedly failed to hold. Thereafter, the injured plaintiff and his wife commenced this action against the defendant Ferno Washington, Inc., the manufacturer of the stretcher, seeking damages in products liability. The Supreme Court granted the defendant's motion for summary judgment, finding, in part, that the injured plaintiff failed to present evidence excluding his own error as a cause of the accident. We reverse. "In a products liability case it is now established that, if plaintiff has proven that the product has not performed as intended and excluded all causes of the accident not attributable to defendant, the fact finder may, even if the particular defect has not been proven, infer that the accident could only have occurred due to some defect in the product or its packaging" *(Halloran v Virginia Chems.,* 41 NY2d 386, 388).

We find, based upon the record before us, that there is a triable issue of fact as to whether the injured plaintiff's conduct contributed to the accident *(see, Putnick v H.M.C. Assocs.,* 137 AD2d 179, 183) and that, therefore, the defendant's motion for summary judgment should have been denied. Rosenblatt, J. P., Thompson, Altman and Luciano, JJ., concur.