■ JHOFRE REINOSO, Appellant, v DENISE BIORDI et al., Defendants, and BIORDI CONSTRUCTION CORP., Respondent. [964 NYS2d 92]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered May 18, 2012, which, inter alia, granted the motion of defendant Biordi Construction Corp. (BCC) for summary judgment dismissing the Labor Law and common-law negligence claims asserted against it, unanimously modified, on the law, the motion denied as to Labor Law §§ 240 and 241 (6) claims, and otherwise affirmed, without costs.

The record demonstrates that dismissal of the Labor Law §§ 240 and 241 (6) claims was not warranted. Although the subject property is a single-family home subject to the exemption for "owners of one and two-family dwellings who contract for but do not direct or control the work" (Labor Law § 240 [1];

*see Affri v Basch*, 13 NY3d 592, 595 [2009] ["(a) similar homeowner's exemption is found in Labor Law § 241 (6)"]), that exemption does not apply to those homeowner's agents or general contractors who have authority to control the work on behalf of the owner (*see Kopacz v Airco Carbon, Div. of Airco, Inc.*, 104 AD2d 722, 723 [4th Dept 1984]; *Weiser v Builders Sq.*, 164 Misc 2d 623, 625-626 [Sup Ct, Erie County 1995]). Here, there is evidence that BCC, and not Frank Biordi, hired plaintiff's employer inasmuch as plaintiff's employer stated that it was hired by BCC and that it was paid by checks bearing BCC's address. There was also a dumpster at the worksite bearing BCC's name. Such evidence, when taken together, raises triable issues as to whether BCC was acting as an agent of the homeowners (the Biordis). The lack of evidence that BCC directed or controlled work at the site, is not determinative because "direct control and supervision is not a prerequisite to incurring liability under section 240. Rather, it is the authority to supervise or co-ordinate the work that is essential" (*Parsolano v County of Nassau*, 93 AD2d 815, 817 [2d Dept 1983] [citations omitted]).

Plaintiff's claims under Labor Law § 200 and common-law negligence against BCC were properly dismissed. Liability under Labor Law § 200 or for common-law negligence arises where the injury derives from the method or manner of work, and the owner/contractor directed or controlled the work, or from a dangerous condition at the work site, of which the owner/contractor had notice (*see generally Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352-353 [1998]).

Here, Frank Biordi and his brother testified that they only performed work on the home on weekends, while the tradesmen normally worked Monday through Friday. In addition, plaintiff testified that he first began working at the site on a Monday; that he only received directions from, and reported to his employer, nonparty Goros Construction; that he and his fellow employees were the only workers present from the day he started until two days later, when his accident occurred; and that they had assembled the scaffolding from which he fell. Thus, there was no evidence that BCC controlled the method or manner of work nor that BCC could have known about any dangerous condition created by Goros between the day they commenced work, and the day of plaintiff's accident. Concur— Gonzalez, P.J., Friedman, Abdus-Salaam, Román and Clark, JJ.