■ JAMES KOLB, Respondent, v ROYAL LAMBERT, Appellant, et al., Defendants. [983 NYS2d 551]—

Order, Supreme Court, Bronx County (Edgar G. Walker, J.), entered January 23, 2013, which, to the extent appealed from as limited by the briefs, denied defendant Royal Lambert's motion for summary judgement dismissing plaintiff's common law negligence claims and claims under Labor Law §§ 200 and 241 (6), unanimously affirmed, without costs.

The motion court properly denied the portion of defendant owner Royal Lambert's motion seeking dismissal of the claims for violation of Labor Law § 200 and common law negligence. The evidence, which established that plaintiff, a carpenter who was performing renovation work at owner's premises, was injured when he tripped and fell over a 1-inch to 1¼-inch flooring differential at a six-foot wide entranceway that separated the kitchen and sunken living room. It further established that the height differential, due to the kitchen floor having been removed as part of the renovation, had existed for at least several days during which time owner visited the premises on several occasions. Thus, there are triable issues as to whether owner had notice of the alleged hazard (*see Pappalardo v New York Health & Racquet Club*, 279 AD2d 134 [1st Dept 2000]), whether the alleged hazard constitutes an actionable defect (*see Bovino v J.R. Equities, Inc.*, 55 AD3d 399 [1st Dept 2008]).

With respect to plaintiff's Labor Law § 241 (6) claim, owner has abandoned any argument that his property qualifies for the exemption under Labor Law § 241 (6) claim (applicable to one or two-family dwellings) (*see e.g. Reinoso v Biordi*, 105 AD3d 491 [1st Dept 2013]). In any event, plaintiff's deposition testimony and other evidence raises triable issues as to whether the premises was used as a three-family dwelling. Factual issues are also raised as to whether the Industrial Code provision pertaining to "tripping conditions" in "passageways" (*see* 12

NYCRR 23-1.7 [e] [1], [2]) applies to afford plaintiff protection under Labor Law § 241 (6) (see *Thomas v Goldman Sachs Headquarters, LLC*, 109 AD3d 421 [1st Dept 2013]). Concur—Gonzalez, P.J., Acosta, Saxe, Richter and Manzanet-Daniels, JJ.