■  NEUSTADTER FURS, INC., Appellant, v. SUSAN L. ROSENSTIEL, Respondent.— Appeal from order, Supreme Court, New York County, entered on March 19, 1970, granting defendant's motion to be relieved of her default, is dismissed as academic in view of our decision on Appeal No. 3708 decided simultaneously herewith, without costs and without disbursements. Appeal from order, Supreme Court, New York County, entered on March 26, 1970, granting reargument only to the extent of modifying the original decision by adding the words "the judgment shall stand as security", is unanimously dismissed as academic in view of our decision on Appeal No. 3708 decided simultaneously herewith, without costs and without disbursements. Order [3708], Supreme Court, New York County, entered on June 2, 1970, unanimously modified on the law to grant plaintiff's motion for summary judgment to the extent of directing entry of judgment on the first cause of action in the amount of $28,725, such amount being based upon the purchase price of seven of the coats sold and delivered as set forth in the complaint and to the extent of directing an assessment of damages as hereinafter indicated with respect to the second cause of action; and as so modified the order is affirmed. Plaintiff-appellant shall recover of defendant-respondent $50 costs and disbursements of this appeal. The assessment shall determine the damages of plaintiff measured by the difference between the agreed upon purchase price of the sable coat and the value of the coat as of the date it was replevied. In the first cause of action plaintiff seeks to recover a balance of $33,975 due on account of the sale to defendant of eight fur coats. The record establishes that the purchase price of each item as set forth in the complaint was agreed upon, that defendant retained these coats for considerable periods of time and, although she made payments on account, she failed to register any complaint. In opposition to the motion for summary judgment, defendant avers that the purchases were made upon the specific representation and warranty that the agreed upon prices were the fair and reasonable market value for such coats, and that such representations which were relied upon, were untrue. However, her affidavit consists of conclusory terms, and the defense of misrepresentation

as to value is not substantiated by evidentiary facts creating triable issues of fact. It was her responsibility to come forth with proof showing that her defense created genuine triable issues (*Di Sabata* v. *Soffes*, 9 A D 2d 297) and this she failed to do. It is to be noted that, although the coats are in her possession, she has not submitted any appraisal or valuation which would tend to support her claim that the coats were overpriced. We are of the opinion, however, that as to one of the coats summary judgment should not be granted. The record reveals that plaintiff claims to have sold defendant, on separate occasions, two fur coats, each described as bleached white Russian Ermine coats, and each at the same price. In view of the identical descriptions of the coats, and the prices thereof, we believe that defendant's specific denial of receipt of two such coats raises a triable issue of fact. Hence, summary judgment on the first cause of action is granted in the amount demanded in the complaint less the agreed upon price for one of the Ermine coats, to wit, $5,250. The second cause of action was originally brought to recover possession of a Russian Sable coat sold to defendant at the agreed price of $26,500. However, possession of the coat has been obtained pursuant to a writ of replevin. Apparently no proceeding to repossess the coat was undertaken by defendant. Once again defendant opposes summary judgment upon her claim that the value of the coat was misrepresented. To substantiate this defense, she presents a letter purporting to be an appraisal of the coat which states in part as follows: "An evaluation was made * * * of a used sable fur coat * * * In our opinion approximately $4,000 to $5,000.00 could be realized." The letter is of no probative value. It is unsworn to and is insufficient to defeat the motion for summary judgment. Moreover, it is factually deficient and has no relation to the claim that the coat when new was misrepresented as to value. Therefore, we conclude that on the second cause of action an assessment of damages should be directed as above indicated. Settle order on notice. Concur — Markewich, J. P., Kupferman, Steuer, Tilzer and Eager, JJ.