■ WILLIAM HAUFF et al., Appellants, v CLXXXII VIA MAGNA CORP., Respondent. VIA MAGNA CORPORATION, Sued Herein as CLXXXII VIA MAGNA CORP., Third-Party Plaintiff, v ROSENWACH TANK Co., INC., Third-Party Defendant.—Order of the Supreme Court, New York County (Irving Kirschenbaum, J.), entered May 22, 1985, which denied plaintiffs' motion for summary judgment on the issue of liability and denied both defendant CLXXXII Via Magna Corp.'s cross motion for summary judgment against the third-party defendant Rosenwach Tank Co., Inc., and third-party defendant's cross motion for an order severing the third-party action from the main action, is unanimously modified, on the law, to grant plaintiffs' motion for summary judgment on the issue of liability, and otherwise affirmed, without costs or disbursements.

Defendant CLXXXII Via Magna Corp. (Via Magna), the owner of premises at 182 Grand Street in Manhattan, engaged third-party defendant Rosenwach Tank Co., Inc. (Rosenwach), to construct and install a wooden water tank upon the roof of the premises. Plaintiff William Hauff worked on the premises as an employee of Rosenwach in the construction and installation. In order to work on the tank, which was atop a steel tower, a scaffold had been built around the outside of the water tower. This scaffold consisted of planks laid out between, and nailed to, wooden outriggers extending from the top of the steel tower and supporting the scaffold. The scaffold, occupied at the time only by plaintiff Hauff and by his supervisor, Michael O'Neill, another employee of Rosenwach, collapsed and fell, along with O'Neill and Hauff, to the roof, a distance of 28 to 32 feet.

After completion of discovery, plaintiffs moved for summary judgment against defendant on the issue of liability. Defendant cross-moved for summary judgment in its favor as third-party plaintiff against third-party defendant and the third-party defendant also cross-moved for an order severing the third-party action from the main action. Special Term denied both motion and cross motions. We modify to grant plaintiffs summary judgment against Via Magna as to liability.

Labor Law § 240 provides in pertinent part:

"§ 240. Scaffolding and other devices for use of employees

"1. All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering * * * of a building or structure shall

furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding * * * and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed * * *

"3. All scaffolding shall be so constructed as to bear four times the maximum weight required to be dependent therefrom or placed thereon when in use."

Absolute liability is imposed on contractors and owners and their agents for injuries sustained as a result of a violation of the statute where such violation was a proximate cause of the accident (Zimmer v Chemung County Performing Arts, 65 NY2d 513).

Special Term found that plaintiffs failed to establish that the scaffold was inherently defective and that the defect was the proximate cause of the accident. However, plaintiffs established a prima facie showing of a violation of a statutory duty by defendant which was the proximate cause of the accident. Thus, there was a showing of the collapse of the scaffold without any apparent cause, spilling plaintiff and his co-worker to the roof below. The burden was then upon defendant to submit any evidentiary facts which would raise a factual issue on liability. Defendant, however, submitted only an affirmation by counsel, with no personal knowledge, containing solely speculation and surmise. This was insufficient to defeat plaintiffs' motion for summary judgment (Zuckerman v City of New York, 49 NY2d 557, 562). In addition, although it may have collapsed because of faulty construction which plaintiff took part in, contributory negligence is not a defense to a violation of section 240 (Crawford v Leimzider, 100 AD2d 568).

We do not rule on the correctness of Special Term's denial of defendant's cross motion for summary judgment as against third-party defendant, as it is not properly before us. Defendant did not appeal from that order and we do not preclude it from moving for such relief de novo. Concur—Sandler, J. P., Carro, Asch, Fein and Lynch, JJ.