■ JOHN F. ALSTON, Respondent, v GOLUB CORPORATION, Appellant, et al., Defendant.—Levine, J. Appeal from an order of the Supreme Court (Hughes, J.) entered August 25, 1986 in Albany County, which granted plaintiff's motion for partial summary judgment against defendant Golub Corporation.

Plaintiff sustained serious injuries when a scaffold he was standing on toppled over and he fell some 35 to 40 feet to the ground. At the time of the accident plaintiff was employed by Main-Tane Contracting, Inc. and was engaged in painting the ceiling of a building owned by defendant Golub Corporation.

Golub had contracted with Main-Tane to paint the building and the scaffold was supplied by defendant Albany Ladder Company, Inc. Plaintiff commenced the instant suit naming Golub and Albany Ladder as defendants, seeking damages for his injuries and alleging various violations by defendants of the Labor Law. Following the joinder of issue, plaintiff successfully moved for partial summary judgment as against Golub on the alleged violation of Labor Law § 240 (1).

On appeal Golub contends that Supreme Court erred in granting summary judgment against it since (1) plaintiff did not sustain his burden of establishing a prima facie violation of Labor Law § 240 (1), and (2) Golub presented an acceptable excuse for its failure to oppose the motion with evidentiary proof in admissible form of a triable issue of fact, to wit, its lack of opportunity for pretrial discovery.

We are persuaded that plaintiff's moving papers set forth evidentiary facts showing a prima facie violation of Labor Law § 240 (1) and thus established, initially, plaintiff's entitlement to summary judgment against Golub. Labor Law § 240 (1) mandates that an owner or contractor supply safety devices, including scaffolding, necessary to provide a worker with proper protection and imposes absolute liability for injuries proximately caused by the failure to do so *(Bland v Manocherian,* 66 NY2d 452, 459; *Zimmer v Chemung County Performing Arts,* 65 NY2d 513). Here, plaintiff specifically proved a failure of the safety equipment mandated for his task by Labor Law § 240 (1). Thus, the instant case is distinguishable from those of an unexplained fall without proof of the failure of safety equipment or what equipment was required under the circumstances *(see, Pastoriza v State of New York,* 108 AD2d 605; *Parsolano v County of Nassau,* 93 AD2d 815, 817). Accordingly, plaintiff's allegations sufficiently established, prima facie, Golub's failure to provide him with proper protection and injuries proximately caused as a result thereof *(see, Hauff v CLXXXII Via Magna Corp.,* 118 AD2d 485, 486; *Lorenzo v Faillace,* 132 App Div 103, 104; *Cummings v Kenny,* 97 App Div 114, 115).

In opposition to plaintiff's motion, it was incumbent upon Golub to come forward with evidentiary proof in admissible form to establish the existence of a triable issue of fact or to demonstrate an acceptable excuse for its failure to do so *(see, Zuckerman v City of New York,* 49 NY2d 557, 560). Golub submitted its attorney's affidavit asserting, *inter alia,* that it had no information regarding the cause of the accident since it had not yet had an opportunity to depose the witnesses

known to it, who were identified by plaintiff and were not Golub employees, and that such discovery was necessary to establish triable issues of fact (citing CPLR 3212 [f]).

A party opposing a summary judgment motion on the ground that triable issues of fact may exist but cannot presently be stated has the duty of demonstrating that its ignorance of the facts is unavoidable and that it was unable to obtain the necessary information through any reasonable means (Kenworthy v Town of Oyster Bay, 116 AD2d 628, 629). The affidavit of Golub's attorney falls short of establishing that Golub met that duty, and there is no affidavit from Golub itself alleging that it had conducted an independent investigation of the accident, attempted to determine the identity or whereabouts of witnesses, or examined the scaffold for defects. However, Golub has averred that the eyewitnesses to the accident were employees of Main-Tane, a third-party defendant, and that the scaffolding is owned by Albany Ladder, a named defendant and potential third-party defendant. Thus, it is inferable that facts necessary to meet the motion are in the exclusive possession and control of parties adverse to Golub (cf., Kenworthy v Town of Oyster Bay, supra). In view of the fact that Golub promptly commenced discovery, the better exercise of discretion would have been to stay plaintiff's summary judgment motion pending Golub's deposition of witnesses (see, Pastoriza v State of New York, supra, at 607; cf., Golding v Weissman, 35 AD2d 941, appeal dismissed 29 NY2d 913).

Order reversed, on the law and the facts, without costs and motion stayed pending defendant Golub Corporation's expeditious completion of discovery. Mahoney, P. J., Weiss and Levine, JJ., concur.

Kane and Yesawich, Jr., JJ., dissent and vote to affirm upon the opinion of Justice Harold J. Hughes.