■ Norman Landry, Respondent, v A. Di Sarro Construction Company, Inc., et al., Appellants.—Kane, J. P. Appeals (1) from an order of the Supreme Court (Catena, J.), entered November 19, 1987 in Schenectady County, which granted plaintiff's motion to set aside a verdict in favor of defendants, directed a verdict in favor of plaintiff on the issue of liability and granted a new trial on the issue of damages, and (2) from an order of said court, entered December 24, 1987 in Schenectady County, which denied defendants' motions to dismiss the complaint.

Plaintiff commenced this action alleging both statutory and common-law negligence resulting from injuries he suffered while working as an independent roofing contractor for defendant A. Di Sarro Construction Company, Inc. At the time he sustained his injuries, plaintiff was applying a new roof on premises owned by defendant Hodorowski and De Santis Building Contractors, Inc. According to plaintiff's testimony at trial, he had placed a 16-foot ladder against a facia board directly under the roof line and had jumped on the ladder's bottom rung to secure it to the sand-filled ground. He testified that he then climbed the ladder with a bundle of roof shingles and it was while he was trying to remove his hammer to put a nail in the roof that "the ladder went down and I went down with it". No one witnessed the accident. Plaintiff's brother testified that immediately after the accident he observed that the ladder was still leaning against the garage, sunk 10 inches into the ground.

After trial, the jury returned a verdict of no cause of action as to plaintiff's claim of common-law negligence. The jury also answered in the negative the question, "Did [defendants] violate Section 240 of the Labor Law and was such a violation a proximate cause of the accident?" However, Supreme Court set aside the verdict on plaintiff's motion, directed a verdict in his favor on the violation of Labor Law § 240 and granted a

new trial on the question of plaintiff's damages. Thereafter, plaintiff failed to submit a judgment and order within 60 days after the court granted his motion for a directed verdict. As a result, defendants each separately moved to dismiss the action as abandoned. Supreme Court denied the motions. Defendants now appeal from both the order setting aside the verdict and from the order denying their motions to dismiss.

Initially, we note that the test which must be passed to support the setting aside of a jury verdict is a severe one. First, in granting a motion for a directed verdict, which is a grant of judgment as a matter of law, a court may not weigh the evidence, but must determine "that by no rational process could the trier of the facts base a finding in favor of the defendant upon the evidence * * * presented" *(Blum v Fresh Grown Preserve Corp.,* 292 NY 241, 245; *see, Le May v Frankel,* 80 AD2d 665). Second, in deciding a motion to set aside a verdict in favor of a defendant, the motion should not be granted unless the evidence preponderates so greatly in a plaintiff's favor that the jury could not have reached its conclusions on any fair interpretation of the evidence *(Tannenbaum v Mandell,* 51 AD2d 593, *lv denied* 39 NY2d 709).

In this case plaintiff testified that plywood was available at his particular work site had he chosen to use it *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513). However, even assuming that Supreme Court properly determined that there was a violation of Labor Law § 240 (1), an issue upon which there was conflicting expert proof and upon which the jury specifically found in the negative, there is a genuine issue of fact as to whether such a violation had anything to do with plaintiff's fall and his resulting injuries. The accident was unwitnessed. From plaintiff's description of the occurrence, together with the uncontradicted proof as to the location of the ladder after the accident, a jury could have found that, after inserting the ladder into the loamy soil at the work site and placing it against the facia board of the garage and climbing to the edge of the roof, plaintiff fell from the ladder while attempting to secure a bundle of shingles to the roof with a hammer in his left hand and a nail in his right hand. This would be a comfortable conclusion because the jury could also have found that there was no movement by the ladder at the time of or following plaintiff's accident, a finding implicit in its special finding of lack of proximate cause for plaintiff's injuries resulting from any violation of Labor Law § 240 (1) *(see, Amedure v Standard Furniture Co.,* 125 AD2d 170). The issue of proximate cause is a separate question of fact which

was given to the jury, as required under these circumstances *(see, Avner v 93rd St. Assn.,* 147 AD2d 414; *Bauder v First Fed. Sav. & Loan Assn.,* 128 AD2d 822). The jury has spoken. Accordingly, Supreme Court's order granting plaintiff's motion to set aside the verdict should be reversed and the verdict in defendants' favor should be reinstated. Given this conclusion, defendants' appeal from the order denying their motions to dismiss is rendered academic and should be dismissed.

Order entered November 19, 1987 reversed, on the law, without costs, and verdict of no cause of action in defendants' favor reinstated.

Appeal from order entered December 24, 1987 dismissed, as academic, without costs. Kane, J. P., Yesawich, Jr., and Harvey, JJ., concur.

Mikoll and Mercure, JJ., dissent and vote to affirm in a memorandum by Mikoll, J. Mikoll J. (dissenting). We respectfully dissent.

The facts adduced indicated that plaintiff placed his own 16-foot aluminum ladder upon sandy fill at the rear of the garage he was to roof. He leaned the ladder against the facia board directly under the roof line. Plaintiff attempted to secure the ladder by jumping on the bottom rung to sink the ladder's feet into the ground. He then climbed the ladder with an 80-pound pack of shingles. After placing the shingles upon the roof, plaintiff removed his hammer from his apron so as to hammer a nail into the roof to hold the package of shingles there. As he did this he claims that the ladder went down and he went down with it. The accident was not witnessed by anyone else. Plaintiff's brother, however, testified that he appeared on the scene moments later and saw that the ladder had sunk into the ground up to its first rung. The ladder was then leaning up against the side of the garage and not on the facia board just below the roof line, where plaintiff had placed it.

It is uncontroverted that defendants did not supply any safety devices for plaintiff's use. The testimony of defendants' employees that there were scraps of material about that could have been used to fashion safety devices does not, under current authority of law, insulate defendants from their duty to provide safety devices *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 523; *Linney v Consistory of Bellevue Refm. Church,* 115 AD2d 209, 210). It is the duty of the owners and contractors to see that safety devices are put to use and not the employee's obligation. Defendants here failed to see that the ladder was used with adequate safety

devices. Thus, it was established as a matter of law that there was an absence of safety devices available to plaintiff in violation of Labor Law § 240 (1).

The next discrete issue is whether it was proven, as a matter of law, that the violation of Labor Law § 240 (1) was a proximate cause of plaintiff's injury. A directed verdict may only be granted to the plaintiff if the jury could not find for the defendant by any rational process *(Cohen v Hallmark Cards,* 45 NY2d 493, 499). Plaintiff testified that he felt the ladder fall and he fell with it. When his brother arrived at the scene, he noticed that the ladder was sunken into the ground some 10 inches, up to the first rung of the ladder. The ladder was laying against the side of the garage, rather than propped up on the facia board as it had been when plaintiff mounted it. Based on these facts, not otherwise disputed, a directed verdict was appropriate. It must be concluded that the ladder, in sinking further into the ground, moved somewhat causing plaintiff to fall. Plaintiff's unchallenged testimony, buttressed by the subsequent visual observation by his brother of the ladder's displacement, is the only viable explanation of the accident. There are no other facts set out in the record which would exculpate defendants from their responsibility under Labor Law § 240 (1). Therefore, proximate cause has been established.

Finally, defendants contend that Supreme Court abused its discretion in denying their motions to dismiss the action as plaintiff failed to submit a proposed order and judgment within 60 days of the directed verdict as required by 22 NYCRR 202.48 and otherwise failed to show good cause for such failure. Once defendants brought on the motions to dismiss, plaintiff submitted an order to Supreme Court 15 days past the 60-day period. The lapse of plaintiff's counsel in meeting the rule's time strictures was a brief one and was attributable to law office failure. Under these circumstances, the court did not abuse its discretion in denying the motions, and we would therefore affirm Supreme Court's orders.