■ HARLAND L. DREW, Appellant-Respondent, v CORRECT MANUFACTURING CORPORATION, HUGHES-KEENAN DIVISION, et al., Defendants, and ROCKWELL INTERNATIONAL CORPORATION, DRAPER DIVISION, Respondent-Appellant and Third-Party Plaintiff. WOOD BROTHERS PLUMBING AND HEATING, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendant. (And Another Related Action.)—Casey, J. P. Cross appeals from an order of the Supreme Court (Duskas, J.), entered February 8, 1988 in Franklin County, which, *inter alia,* partially granted plaintiff's motion for partial summary judgment and dismissed defendant's Statute of Limitations defenses.

Plaintiff was injured when a skyworker or bucket hoist, in which he and a fellow worker had ascended to perform certain elevated work, collapsed. At the time of the accident, plaintiff was performing work for his employer at property owned by defendant and third-party plaintiff Rockwell International Corporation (hereinafter defendant). Plaintiff's complaint against defendant includes a cause of action based upon Labor Law § 240 (1), and on this appeal plaintiff contends that Supreme Court erred in denying his motion for partial summary judgment on the issue of defendant's liability under that statute.*

---

* Defendant's answer contained Statute of Limitations defenses, which Supreme Court dismissed. Although defendant filed a notice of appeal from that portion of Supreme Court's order, its brief contains no argument addressed to Supreme Court's ruling on the Statute of Limitations defenses.

"Labor Law § 240 imposes absolute liability upon an owner for injuries proximately caused by a failure to provide proper protection to a worker" *(Gowett v Town of Plattsburgh,* 133 AD2d 1007, 1008). To obtain summary judgment on the issue of liability, plaintiff must establish that the statute has been violated and that the violation was a proximate cause of his injuries *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 523-524). Plaintiff's proof indicates that he was performing repairs and/or alteration work at defendant's plant, and defendant does not claim that Labor Law § 240 (1) is inapplicable due to the nature of the work being performed *(see, Leahy v Funicello Elec.,* 134 AD2d 852). Defendant does argue that the part of the skyworker that failed is not a device included in Labor Law § 240 (1). We find no merit in the argument.

Labor Law § 240 (1) imposes "the duty to provide safety equipment to protect workers from hazards related to elevating themselves or their materials at the work site" *(Simon v Schenectady N. Congregation of Jehovah's Witnesses,* 132 AD2d 313, 316). To this end, the statute requires that owners and contractors furnish, or cause to be furnished, "scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection" (Labor Law § 240 [1]). Although the skyworker is not one of those devices specifically listed in the statute, the record establishes that a skyworker can readily be used as a substitute for scaffolding or a ladder, as was the case here. Such functionally similar or related devices fall within the statutory coverage *(Koumianos v State of New York,* 141 AD2d 189, 191; *see, Kennedy v McKay,* 86 AD2d 597, 598).

Where a safety device has been furnished, the question of whether proper protection has been provided under the Labor Law is ordinarily an issue of fact *(Blair v Rosen-Michaels, Inc.,* 146 AD2d 863, 865). But where, as here, the safety device itself collapses while being used in the performance of elevated work, we conclude that plaintiff has established a prima facie showing of a statutory violation which was a proximate cause of plaintiff's injuries, and the burden shifted to defendant to submit evidentiary facts which would raise a factual issue on liability *(see, Hauff v CLXXXII Via Magna Corp.,* 118 AD2d 485, 486). Defendant relies mainly upon evidence that a design or manufacturing defect caused the skyworker to collapse, but in our view this evidence is irrelevant. A safety device containing a design or manufacturing defect which will

cause its collapse when used for its intended purpose is clearly not so constructed as to provide proper protection. An owner is absolutely liable under Labor Law § 240 (1) for providing a defective safety device which fails to provide proper protection (see, Harmon v Sager, 106 AD2d 704, 705-706). Plaintiff is entitled to summary judgment on the issue of defendant's liability under Labor Law § 240 (1).

Order modified, on the law, with costs to plaintiff, by reversing so much thereof as denied plaintiff's motion for partial summary judgment against defendant Rockwell International Corporation; motion granted on the issue of said defendant's liability under Labor Law § 240 (1); and, as so modified, affirmed. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.