■ JOHN R. RUSSELL, SR., Appellant, v RENSSELAER POLYTECHNIC INSTITUTE, Respondent. (And a Third-Party Action.)— Mercure, J. Appeal from an order of the Supreme Court (Dier, J.), entered April 28, 1989 in Warren County, which denied plaintiff's motion for partial summary judgment on the issue of liability.

---

Plaintiff, claiming that he was injured when he fell from a ladder in connection with his employment as a painter on defendant's property, commenced this action alleging causes of action in negligence and strict liability. Following joinder of issue, service of bills of particulars and examinations before trial, plaintiff moved for partial summary judgment on the issue of liability based upon claimed violations of Labor Law § 240 (1). Supreme Court denied the motion and plaintiff appeals.

There should be an affirmance. In our view, the evidence submitted on the motion leaves unresolved factual issues precluding a grant of summary judgment. Plaintiff testified at an examination before trial that he positioned the bottom of an aluminum extension ladder on level ground in "loose dirt" and placed the top against defendant's building. He kicked the ladder to assure that it was secure and climbed up to approximately the third rung from the top, at which point he was 28 to 30 feet above the ground. Plaintiff's testimony was that while he was painting, the bottom of the ladder "kicked out" and the ladder began to slide down the side of the building and then dropped to the ground. However, in an earlier workers' compensation report, plaintiff indicated that the accident took place when he was climbing up a ladder and that he fell off the ladder. There were no witnesses to the incident.

We agree with the reasoning of the First Department in *Antunes v 950 Park Ave. Corp.* (149 AD2d 332, 333) that "[s]ince plaintiff was the only person to have witnessed the accident, whether he fell from the ladder, within the scope of Labor Law § 240, is a triable issue of fact" *(see, Parsolano v County of Nassau,* 93 AD2d 815, 817; *see also, Landry v Di Sarro Constr. Co.,* 149 AD2d 859, *affd on mem below* 74 NY2d 940), particularly in view of plaintiff's inconsistent accounts of the incident. To be contrasted are those cases involving broken ladders or collapsing scaffolding, where the break or collapse is by itself sufficient to establish a prima facie case of violation of Labor Law § 240 *(see, e.g., Alston v Golub Corp.,* 129 AD2d 916; *Braun v Dormitory Auth.,* 118 AD2d 614; *Harmon v Sager,* 106 AD2d 704). Here, whether Labor Law § 240 (1) has been violated and whether any such violation was the proximate cause of the accident are questions for the trier of fact.

Order affirmed, with costs. Mahoney, P. J., Kane, Yesawich, Jr., and Mercure, JJ., concur.