■ GUILHERME BRAS, Respondent, v ATLAS CONSTRUCTION CORP., Appellant and Third-Party Plaintiff-Appellant and Second Third-Party Plaintiff-Appellant, and STEVEN J. CASPI, Doing Business as CASPI DEVELOPMENT CORP., Appellant. KING SCAFFOLD ERECTORS, INC., et al., Third-Party Defendants-Respondents; KING CORP., Second Third-Party Defendant-Respondent.—In an action to recover damages for personal injuries, the defendant Atlas Construction Corp., appeals from an order of the Supreme Court, Queens County (Hentel, J.), dated April 5, 1990, which granted the plaintiff summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

Ordered that the order is affirmed, with one bill of costs.

The plaintiff sustained personal injuries when a plank of a scaffold cracked at a point approximately two feet from its end, causing him to fall some 12 to 15 feet to the floor. While there were no other witnesses to the actual fall, the work-site supervisor employed by the appellant general contractor stated at an examination before trial that he found the plaintiff on the floor, with planks near him.

We find that the plaintiff's moving papers adequately set forth evidentiary facts showing a prima facie violation of the statutory duty pursuant to Labor Law § 240 (1), by the appellant, which was the proximate cause of the accident (see, Drew v Correct Mfg. Corp., 149 AD2d 893, 895; Alston v Golub Corp., 129 AD2d 916, 917; Hauff v CLXXXII Via Magna Corp., 118 AD2d 485, 486). Where, as here, there is a showing of the collapse of a scaffold without any apparent cause, the burden shifts to the defendant to submit evidentiary facts which would raise a factual issue on liability (see, Drew v Correct Mfg. Corp., supra; Hauff v CLXXXII Via Magna Corp., supra).

In opposition to the plaintiff's motion, it was incumbent upon the appellant to come forward with evidentiary proof in admissible form to establish the existence of a triable issue of fact or to demonstrate an acceptable excuse for its failure to do so (see, Zuckerman v City of New York, 49 NY2d 557, 560). The appellant only submitted affirmations by counsel with no personal knowledge, containing solely speculation and surmise as to the cause of the accident. It is well established that such is insufficient to defeat the plaintiff's motion for summary judgment (see, Zuckerman v City of New York, supra, at 562). Nor is this a case, as the appellant claims, where the facts upon which the motion is predicated are " ' "exclusively

within the knowledge of the moving party or clearly not within the knowledge of the opponent" ' " *(Antunes v 950 Park Ave. Corp.,* 149 AD2d 332, 333) as in the instance of an unwitnessed fall from a ladder *(see also, Parsolano v County of Nassau,* 93 AD2d 815, 817). Thompson, J. P., Lawrence, Miller and O'Brien, JJ., concur.