◼ Steven Manning et al., Respondents, v P. J. Kenneally Construction Company, Inc., Defendant and Third-Party Plaintiff-Appellant, and British American Development Corporation, Appellant, et al., Defendant. Raymond F. Rudat, Third-Party Defendant-Appellant.—Weiss, J. Appeals (1) from an amended order of the Supreme Court (Doran, J.), entered August 15, 1989 in Schenectady County, which granted plaintiffs' motion for partial summary judgment on the issue of liability, and (2) from a judgment of said court, entered August 15, 1989 in Schenectady County, upon a verdict rendered in favor of plaintiffs on the issue of damages.

Defendant British American Development Corporation (hereinafter British American) contracted with defendant P. J. Kenneally Construction Company, Inc. (hereinafter Kenneally) for construction work on its shopping center. Kenneally, in turn, subcontracted with third-party defendant,

Raymond F. Rudat, for the construction of a mansard roof. Plaintiff Steven Manning (hereinafter plaintiff), a Rudat employee, sustained personal injuries when a scaffold upon which he had been working collapsed, causing him to fall to the ground. This action was commenced against, among others, British American as owner and Kenneally as contractor (hereinafter collectively referred to as defendants). Plaintiff's wife also seeks damages in derivative causes of action. Kenneally commenced a third-party action against Rudat for indemnification or contribution and British American cross-claimed for similar relief. On the day that the trial was to begin, plaintiff successfully moved for partial summary judgment against defendants on the issue of liability, claiming violation of Labor Law § 240. Subsequently, after the close of proof at trial, defendants moved for a directed verdict against Rudat on their common-law indemnification claim. The motion was granted upon the condition that defendants sustain their burden of convincing the jury that Rudat was liable for negligence. The jury returned a verdict finding Rudat negligent under Labor Law § 200, but that such negligence was not the proximate cause of plaintiff's injuries.

Defendants then moved pursuant to CPLR 4404 to set aside the verdict on proximate cause and for a directed verdict in their favor. Supreme Court granted the motion and judgment was entered in favor of plaintiff against defendants and in favor of defendants against Rudat. Defendants and Rudat appeal.

Defendants contend that partial summary judgment was incorrectly granted because plaintiff failed to establish that the violation of Labor Law § 240 was the proximate cause of his injury. We disagree. The proof showed that the scaffolding upon which plaintiff was working was improperly constructed and violated safety standards. It consisted of a closed stepladder set upon elevated scaffold planking. The planking was extended between a rack on a truck and a bracket mounted on an extension ladder. The six-foot stepladder was secured only with a cleat behind the legs and the extension ladder was secured by nails into the macadam. There was no horizontal or diagonal bracing. When the support ladder moved and lurched the scaffold collapsed, causing plaintiff to fall from the top of the stepladder. This collapse of scaffolding constituted a failure of the safety equipment (see, Alston v Golub Corp., 129 AD2d 916, 917) and established a prima facie showing of proximate cause linking the Labor Law violations to plaintiff's injuries (see, Drew v Correct Mfg. Corp., 149 AD2d 893, 894;

*Hauff v CLXXXII Via Magna Corp.,* 118 AD2d 485, 486). We find no merit in Kenneally's contention that plaintiff neglected to establish that Kenneally had supervision and control over the construction site. Labor Law § 240 (1) mandates that the owner and general contractor supply safety devices necessary to provide proper protection to the worker and imposes absolute liability for injuries proximately caused by their failure to do so *(Alston v Golub Corp., supra,* at 917; *see also, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 520).

For his part, Rudat contends that Supreme Court erred in setting aside the jury verdict which found no proximate cause against him and in directing a verdict in favor of defendants. We disagree. The test is whether, upon the evidence, the jury's finding is unsupported by a rational process *(Cohen v Hallmark Cards,* 45 NY2d 493, 498-499; *Landry v Di Sarro Constr. Co.,* 149 AD2d 859, 860, *affd* 74 NY2d 940). Unlike the situation in *Landry v Di Sarro Constr. Co. (supra),* where the ladder remained standing and the fall could be attributed to reasons unrelated to the safety of the ladder or its placement, here the entire scaffold collapsed, causing plaintiff's fall *(see, Alston v Golub Corp.,* 129 AD2d 916, 917, *supra).* The only viable explanation for the collapse was its unsafe condition in violation of Labor Law § 200 specifically found by the jury. There are no facts in the record which exculpate Rudat or suggest a cause unrelated to the unsafe work conditions. Rudat's speculations that something or someone may have bumped the support ladder were insufficient to show an intervening cause which would remove his own negligence as the proximate cause of plaintiff's injury *(see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308). Rudat's remaining contentions are without merit.

Amended order and judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Mercure, JJ., concur.