■ PUBLIC ADMINISTRATOR OF BRONX COUNTY, as Administrator of the Estate of PETER J. HASSETT, Deceased, Respondent, v TRUMP VILLAGE CONSTRUCTION CORP. et al., Respondents, and CHARLES CONSTRUCTION CORP., Appellant and Third-Party Plaintiff-Appellant. CROWN PLASTERING CORP., Third-Party Defendant-Respondent. (And a Second Third-Party Action.)— Order, Supreme Court, Bronx County (Alan Saks, J.), entered on August 24, 1990, which, *inter alia,* granted a motion by the plaintiff Public Administrator for partial summary judgment as to the liability of defendant and third-party plaintiff-appellant Charles Construction Corp., granted a motion by defendants-respondents Trump Village Construction Corp., and Manufacturers Hanover Trust Co., for partial summary judgment against Charles Construction Corp., and denied a motion by Charles Construction Corp., for summary judgment against third-party defendant-respondent and second third-party plaintiff Crown Plastering Corp., unanimously affirmed, with costs.

Viewed most favorably to the opponents of the various motions for summary judgment, the record shows that the plaintiff's decedent was in the employ of Crown Plastering Corp., a subcontractor on the renovation of a commercial building owned by defendant Trump and leased by defendant

Manufacturers, with Charles Construction Corp. as the general contractor. The decedent was engaged in transporting materials to the roof when he fell to the pavement from a height of eight to twelve feet. Immediately after the decedent's fall, a plank of the scaffolding was seen dislodged from the rest of the apparatus. There were no safety belts, nets or other devices.

Labor Law § 240 (1) was intended to shift the burden of insuring safety on scaffolding jobs from the workers to owners and general contractors, and liability is absolute *(see generally, Zimmer v Chemung County Performing Arts,* 65 NY2d 513). The injured party must show a violation of Labor Law § 240, and also show that the violation was the proximate cause of the injuries *(Golaszewski v Cadman Plaza N.,* 136 AD2d 596). Proximate cause is demonstrated where the plaintiff generally shows that the defendant's negligence was a substantial cause of the events that produced the injury, and the plaintiff need not demonstrate that the precise manner in which the accident happened, or the extent of the injuries, was foreseeable *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308). The worker's alleged contributory negligence is irrelevant *(Hauff v CLXXXII Via Magna Corp.,* 118 AD2d 485), and speculation regarding an injured worker's conduct is insufficient to defeat a plaintiff's showing on proximate cause *(Manning v Kenneally Constr. Co.,* 168 AD2d 861, *lv denied* 77 NY2d 806).

Summary judgment for the plaintiff was appropriate because the scaffolding's collapse is not in dispute, and would not have occurred had the scaffolding been properly constructed, regardless of any possible argument as to the decedent's alleged loss of balance *(see, La Lima v Epstein,* 143 AD2d 886). The unsworn statement on which the defendant and third-party plaintiff relied has no probative value *(Neustadter Furs v Rosenstiel,* 37 AD2d 523), and, in any event, largely supports summary judgment for the plaintiff.

Summary judgment was properly granted to the owner and lessee of the premises against the general contractor on the issue of common-law indemnity. There is nothing to suggest that the owner or lessee had the authority to supervise and control that portion of the project on which the injury occurred *(See, Kenny v Fuller Co.,* 87 AD2d 183, *lv denied* 58 NY2d 603). The liability of the owner and lessee under Labor Law § 240 is entirely vicarious, and they are entitled to indemnity *(see, Blaskovic v Penguin House Tenants Corp.,* 158 AD2d 434).

The general contractor could obtain summary judgment

against the subcontractor only by showing as a matter of law that the subcontractor was actually responsible for the accident *(Young v Casabonne Bros.,* 145 AD2d 244). The general contractor has no claim for contractual indemnity since, under General Obligations Law § 5-322.1, the promise to indemnify regardless of the general contractor's fault is unenforceable as a matter of public policy *(see, Arbusto v Fordham Univ.,* 160 AD2d 191). On the general contractor's claim for common-law indemnity, there is contradictory evidence that representatives of the general contractor were on the building site on the day of the accident, and there is a question of fact as to the extent to which the general contractor's employees used the scaffolding. Accordingly, summary judgment is precluded by issues of fact concerning the degree of fault, if any, attributable to each party involved *(La Lima v Epstein, supra).* Concur—Murphy, P. J., Wallach, Kupferman and Ross, JJ.