■ DENNIS R. PLACE et al., Respondents, v GRAND UNION COMPANY, Appellant. (And a Third-Party Action.)—Weiss, P. J. Appeal from an order of the Supreme Court (Brown, J.), entered July 12, 1991 in Saratoga County, which, *inter alia,* granted plaintiffs' motion for partial summary judgment on the issue of liability.

Plaintiff Dennis R. Place, a mason, fell from a step ladder while striking joints on a cinder block wall being erected as part of an addition to the Grand Union Supermarket in the Town of Bolton, Warren County. After extensive discovery, plaintiffs moved for partial summary judgment on the issue of liability. This appeal by defendant is from the order which granted plaintiffs' motion. We affirm.

Defendant contends that it is possible to infer that the fall was caused by Place slipping rather than as a result of a failure of the ladder. We disagree. The opposing affidavit by Thomas Tracy, general manager of defendant's store who observed the accident, does not create an issue of fact simply by stating that he "cannot establish with * * * certainty" what caused the ladder to move or "kick out". Tracy's testimony in his examination before trial fully supports rather than contradicts Place's version of the accident. The uncontradicted evidence shows that the step ladder was placed on a plastic sheet, that Place was 2 or 3 steps from the top of the ladder, that the ladder became wobbly and that it "kicked out" from under Place. Labor Law § 240 (1) requires ladders to "be so constructed, placed, and operated as to give proper protection". Because the proof shows that the ladder itself collapsed while being used in the performance of elevated work, plaintiffs established a prima facie showing that the statute was violated and that the violation was the proximate cause of Place's injuries *(see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509). The burden then was shifted to defendant to submit evidentiary facts which would raise a factual issue *(see, Drew v Correct Mfg. Corp., Hughes-Keenan Div.,* 149 AD2d 893, 894; *see also, Zuckerman v City of New York,* 49 NY2d 557). Defendant has relied solely upon speculation and surmise without factual support in the record as to the cause of the accident and, accordingly, has failed to make a showing sufficient to defeat plaintiffs' motion for summary judgment *(see, Hauff v CLXXXII Via Magna Corp.,* 118 AD2d 485, 486).

Mikoll, Levine and Mercure, JJ., concur. Ordered that the order is affirmed, with costs.