■ JAMES M. DAVIS et al., Appellants, v PIZZAGALLI CONSTRUCTION COMPANY et al., Respondents.—Yesawich Jr., J. Appeal from an order of the Supreme Court (Swartwood, J.), entered October 14, 1991 in Chemung County, which denied plaintiffs' motion for partial summary judgment on the issue of liability.

Plaintiff James M. Davis (hereinafter Davis) was employed by defendant Arthur Barber, Jr., individually and doing business as Ontario Painting, a subcontractor to defendant Pizzagalli Construction Company, which was hired by defendant County of Chemung to coal-tar filter tanks it owned in the City of Elmira. On July 29, 1987, Davis was injured during the course of his employment when he fell from scaffolding, prompting these damage actions by Davis and his wife, derivatively; the suits charge defendants with negligence and violations of Labor Law §§ 200, 240 and 241. After issue was joined and discovery had, plaintiffs moved, unsuccessfully, for partial summary judgment on the issue of defendants' liability under Labor Law § 240 (1). Plaintiffs appeal.

Labor Law § 240 (1) imposes absolute liability upon contractors, owners and their agents for injuries proximately caused by a failure to provide "proper protection" under circumstances where an elevation differential places workers at risk *(see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 513-514). By submitting proof that a scaffold collapsed or broke, a

plaintiff establishes a prima facie violation of the statute. The burden then shifts to the defendant to submit evidence which would raise a factual issue, or an acceptable excuse, for its failure to provide the "proper protection" *(see, Clute v Ellis Hosp.,* 184 AD2d 942, 944; *see also, Place v Grand Union Co.,* 184 AD2d 817; *Drew v Correct Mfg. Corp.,* 149 AD2d 893, 894; *Alston v Golub Corp.,* 129 AD2d 916, 917).

Davis' uncontradicted deposition testimony establishes that a board which was part of the scaffold platform "kicked up", causing him to plunge approximately 10 feet to a concrete floor below. This "kicking up" is essentially a form of collapse, not unlike a rung of a ladder falling from the ladder frame. Two structural members, which were intended to remain attached to each other for proper operation of the scaffold, became separated; this represents a basic failure of the structure, sufficient to establish a prima facie case *(see, Wescott v Shear,* 161 AD2d 925; *Alston v Golub Corp., supra,* at 917). This situation is distinguishable from one in which someone simply falls from a ladder or platform without any apparent change in the device itself *(see, Russell v Rensselaer Polytechnic Inst.,* 160 AD2d 1215, 1216). Furthermore, Davis has presented evidence of the reason for the board's detachment, namely the buildup of coal tar on the hooks which secured the platform boards in place.

For their part, defendants offer nothing other than speculation and surmise as to how the accident may have happened. In an effort to account for their failure to rebut plaintiffs' prima facie showing, they maintain that the actual fall was unwitnessed, and that the details of how the accident occurred are within the exclusive knowledge of Davis. The mere fact, however, that the actual fall was not witnessed does not require that summary judgment be denied *(see, Bras v Atlas Constr. Corp.,* 166 AD2d 401). Defendants could have inspected the scaffold or interviewed other employees to determine its condition *(see, Marasco v Kaplan,* 177 AD2d 933). Moreover, Thomas Lovejoy, a co-worker who was in the filter tank at the time, sets forth in his affidavit facts sufficient to confirm that Davis fell from the scaffold and that "the planking had shifted and come off" the scaffold frame.

In view of the absolute liability created by the statute, and the irrelevance of any contributory negligence on the part of Davis *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 521; *La Lima v Epstein,* 143 AD2d 886, 888), enough has been shown to demonstrate that defendants did not provide " 'proper protection' " *(see, Hauff v CLXXXII Via*

*Magna Corp.,* 118 AD2d 485, 486). It is clear from the record evidence that the scaffold furnished was "inadequate in and of itself to protect [Davis] against hazards encountered" in his work *(Pritchard v Murray Walter, Inc.,* 157 AD2d 1012, 1013), and that this violation of Labor Law § 240 (1) proximately caused the accident *(see, La Lima v Epstein, supra,* at 888). The nature and extent of any injuries resulting therefrom is a matter for the trier of fact to resolve.

Mikoll, J. P., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and plaintiffs are awarded partial summary judgment on the issue of liability under Labor Law § 240 (1).