■ EDWARD DESOUTER et al., Appellants, v HRH CONSTRUCTION CORP. et al., Respondents. CIRCLE INDUSTRIES CORP., Third-Party Plaintiff, v STAR LATHING, INC., Third-Party Defendant-Respondent. [628 NYS2d 691] —Order, Supreme Court, New York County (Alan Saks, J.), entered May 9, 1994, which, *inter alia*, denied plaintiffs' motion for partial summary judgment against the defendants in the main action, unanimously reversed, on the law, to the extent appealed from, and plaintiffs' motion for summary judgment granted as to liability, with costs and disbursements payable to plaintiffs.

Plaintiff Edward Desouter, an employee of third-party defendant Star Lathing, Inc., was working on a scaffold on the seventh floor of premises owned by defendant 1325 Limited Partnership. Defendant HRH Construction Corp. was the general contractor at the site and defendant Circle Industries Corp. was a subcontractor.

Plaintiff moved, *inter alia*, for partial summary judgment against the defendants under the absolute liability provisions of Labor Law § 240 (1). In support of this motion, plaintiff Edward Desouter submitted an affidavit which asserted that he was working on the scaffold about six feet from the ground; that the scaffold was improperly fastened together at one corner; that no one was holding the scaffold at the time of the accident to steady it; that the scaffold came apart at the above mentioned corner while plaintiff was on it, causing him to fall

to the ground and sustain injury. Plaintiff also submitted an unsworn statement from a co-worker and an affidavit from his foreman, the letter indicating that he did not witness the accident. The IAS Court found that there was insufficient corroboration of plaintiff's version of the incident and denied the motion for summary judgment. We find that this was erroneous.

Plaintiff's affidavit (and statements upon his deposition) established a prima facie violation of the statute. The burden then shifted to defendants to submit evidence sufficient to raise a factual issue (*Davis v Pizzagalli Constr. Co.*, 186 AD2d 960, 960-961). "For their part, defendants offer nothing other than speculation and surmise as to how the accident may have happened. In an effort to account for their failure to rebut plaintiffs' prima facie showing, they maintain that the actual fall was unwitnessed, and that the details of how the accident occurred are within the exclusive knowledge of Davis. The mere fact, however, that the actual fall was not witnessed does not require that summary judgment be denied (*see, Bras v Atlas Constr. Corp.*, 166 AD2d 401). Defendants could have inspected the scaffold or interviewed other employees to determine its condition (*see, Marasco v Kaplan*, 177 AD2d 933)." *(Supra, at 961.)*

Accordingly, plaintiffs made out a prima facie case by the submission of plaintiff Desouter's affidavit, which remained unrebutted by defendants. Plaintiffs' failure to submit an affidavit (instead of the unsworn statement) from the co-worker who witnessed the accident was not a reason to deny their motion for summary judgment "absent a showing, other than mere speculation, that a bona fide issue exists as to plaintiff's credibility" (*Urrea v Sedgwick Ave. Assocs.*, 191 AD2d 319, 320; *see also, Van Guilder v Sands Hecht Constr. Corp.*, 199 AD2d 164). Concur—Wallach, J. P., Rubin, Ross and Asch, JJ.