■ Janusz Klapa et al., Appellants, v O&Y Liberty Plaza Company et al., Respondents. (And a Third-Party Action.) [631 NYS2d 21] —Order, Supreme Court, New York County (Carol Huff, J.), entered July 7, 1994, which denied plaintiffs' motion for partial summary judgment, unanimously reversed, on the law, and the motion granted as to liability, with costs and disbursements payable to plaintiffs. Appeal from order, same court and Justice, entered November 9, 1994, which denied plaintiffs' motion to reargue and renew, unanimously dismissed as academic, without costs.

Plaintiff Janusz Klapa was employed by former third-party defendant United National Environmental Services Co., Inc., which had contracted with defendants to remove asbestos from one of their buildings. Plaintiff was injured when he fell from a scaffold that did not contain any guardrails while he was engaged in such asbestos removal.

The IAS Court found that plaintiff had made a prima facie case that Labor Law § 240 (1) had been violated and that any

possible contributory negligence on his part was of no consequence since Labor Law § 240 (1) imposes an absolute duty on the owner and contractor. However, the court denied plaintiff's motion for summary judgment as to liability, finding that plaintiff had failed to show that the lack of guardrails was the proximate cause of the accident.

As properly found by the IAS Court, no evidence was presented to dispute plaintiff's contention that the scaffold did not have guardrails and that the absence of guardrails or other protective devices on the scaffold was a failure to give "proper protection" within the meaning of Labor Law § 240 (1). The Court of Appeals has held: "Notwithstanding that section 240 (2) specifically requires guardrails only where the scaffold is more than 20 feet high, the general standard of section 240 (1), as correctly applied by the Appellate Division, requires that scaffolding be so constructed and erected as 'to give proper protection' to the worker, *without regard to height*." (*Bland v Manocherian*, 66 NY2d 452, 461 [emphasis added].) The IAS Court correctly found, therefore, that plaintiff established a prima facie violation of Labor Law § 240 (1).

However, the court erred in concluding that plaintiff failed to demonstrate that the violation was *the* proximate cause of his accident. "To carry the burden of proving a prima facie case, the plaintiff must generally show that the defendant's negligence was a substantial cause of the events which produced the injury * * *. Plaintiff need not demonstrate, however, that the precise manner in which the accident happened, or the extent of injuries, was foreseeable." (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315.) Thus, plaintiff's testimony that he did not know exactly what caused him to fall did not diminish the probative effect of his uncontradicted testimony and affidavit that he would not have fallen off the scaffold had there been guardrails; any contributory negligence on plaintiff's part is, of course, irrelevant (*see, Public Adm'r of Bronx County v Trump Vil. Constr. Corp.*, 177 AD2d 258, 259).

While defendants contend that summary judgment was properly denied since plaintiff was the only witness to the accident, the mere fact that the occurrence was not witnessed by others does not require the denial of summary judgment where defendants offer nothing but speculation and surmise as to how the accident occurred (*Davis v Pizzagalli Constr. Co.*, 186 AD2d 960, 960-961). Here, plaintiff made out a prima facie case of defendants' failure to provide scaffolding with the "proper protection", which was unrebutted by defendants, and thus the case is distinguishable from those involving "an unexplained

fall without proof of the failure of safety equipment or what equipment was required under the circumstances" (*Alston v Golub Corp.*, 129 AD2d 916, 917). Concur—Rosenberger, J. P., Kupferman, Asch, Nardelli and Mazzarelli, JJ.