■ PAUL KLEIN et al., Appellants, v CITY OF NEW YORK, Respondent. (And a Third-Party Action.) [635 NYS2d 634] —Order, Supreme Court, New York County (Jane Solomon, J.), entered on or about April 7, 1995, which denied plaintiff's motion for partial summary judgment on the issue of liability, is reversed, on the law, without costs, the motion is granted, and an inquest is ordered to assess damages.

This is a claim pursuant to Labor Law § 240 (1) in which plaintiff asserts that he was injured in a fall from a ladder while working in the north odor control room at the North River Pollution Plant, which is owned and operated by defendant City of New York. Plaintiff, employed as an electrician by third-party defendant Michael Mazzeo Electric Co., was using an ordinary extension ladder owned by the New York City Department of Environmental Protection in order to remove certain wiring.

Plaintiff contends that a few days prior to his accident, there had been a flood in the room, although the water had subsequently been pumped out. Joseph Masaro, a station engineer employed by the defendant at the Pollution Plant, testified at an examination before trial that the flood consisted of "[a]ir scrubber water", which is water that air passes through to remove impurities. Mr. Masaro further testified that the water could have been greasy or slippery as the result of the presence of those impurities. Plaintiff maintained that he was unaware that the water which had been pumped out left a film, or "gunk", on the floor.

Plaintiff averred that he placed the ladder on the floor and the top of the ladder against a beam near the ceiling. After

ascending, plaintiff contends that the ladder slipped out from under him, causing him to fall to the ground and sustain various injuries and that "[a]fter the ladder had fallen and I sustained my injuries, I noticed for the first time that the feet of the ladder had been placed in an area of the floor which was covered with the film or gunk".

Labor Law § 240 (1) imposes absolute liability on building owners, as well as construction contractors and their agents, concerning elevation-related risks to workers at construction sites (*Smith v Hooker Chem. & Plastics Corp.*, 70 NY2d 994; *Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 521).

Contrary to defendant's assertions, the fact that plaintiff is the only witness to his accident does not present a bar to summary judgment where his testimony concerning the manner in which the accident occurred is neither inconsistent with his own account provided elsewhere nor contradicted by other evidence (*Robinson v NAB Constr. Corp.*, 210 AD2d 86, 87; *Desouter v HRH Constr. Corp.*, 216 AD2d 249, 250; *Klapa v O&Y Liberty Plaza Co.*, 218 AD2d 635, 636). In the matter at bar, any inconsistency in plaintiff's testimony as to the precise location of the "gunk", if indeed there was any, was minor.

Since plaintiff demonstrated a *prima facie* case of liability pursuant to Labor Law § 240 (1), in that the ladder slipped on a greasy or slippery floor, the burden then shifted to defendant to submit evidence sufficient to raise a triable issue of fact (*Desouter v HRH Constr. Corp.*, supra, at 250; *Davis v Pizzagalli Constr. Co.*, 186 AD2d 960, 960-961). Defendant failed to shoulder its burden and its repeated argument that the ladder was not shown to be faulty is inconsequential as the statutory violation alleged is the faulty placement of the ladder on a slippery surface, a factual assertion uncontradicted by any evidentiary submission by defendant.

Further, the IAS Court's observation that plaintiff himself had placed the ladder is of no import as plaintiff's negligence is immaterial in a Labor Law § 240 (1) claim (*see, e.g., Stolt v General Foods Corp.*, 81 NY2d 918, 920; *Paperman v Turner Constr. Co.*, 203 AD2d 205; *Robinson v NAB Constr. Corp.*, supra, at 87). Concur—Kupferman, Nardelli and Tom, JJ.

Murphy, P. J., and Asch, J., dissent and would affirm for the reasons stated by Solomon, J.