■ Joseph Macutek et al., Respondents, v Mark J. Lansing et al., Defendants, and Joe Cantanucci, Individually and Doing Business as J & M & Sons, Appellants-Respondents, and William Bornt et al., Appellants. [640 NYS2d 693] —White, J. Appeal from an order of the Supreme Court (Canfield, J.), entered May 25, 1995 in Rensselaer County, which granted plaintiffs' motion for partial summary judgment on the issue of liability against defendant Joe Cantanucci and denied a motion by defendants William Bornt and Edward Bornt for summary judgment dismissing the complaint against them.

In October 1987, defendants Mark J. Lansing and Linda R. Lansing contracted with defendant Joe Cantanucci, who was doing business as J & M & Sons, to construct a single-family residence on their property located in the Town of Poestenkill, Rensselaer County. Cantanucci subcontracted the framing of the residence to defendant William Bornt, who completed that task on or about November 20, 1987. On that date plaintiff Joseph Macutek, an employee of Niagara Mohawk Power Corporation, went to the construction site for the purpose of delivering an electric meter box and determining a site for its installation. According to Macutek, he entered the house through the front entranceway by walking up a type of cleat board that ran from the ground and rested against the foundation wall of the front porch. The cleat board led to two 2 inch by 8 inch or 2 inch by 10 inch planks, which were not nailed together, that were laid across the concrete landing of the front porch and over the sill plate into the front door. After completing his task, Macutek exited the same way. As he was doing so, he claims that one of the unnailed planks kicked up, causing him to fall off the walkway onto the ground which resulted in serious personal injuries.

Subsequently, Macutek and his wife commenced this action seeking damages and derivative losses. Their complaint contains causes of action predicated upon Labor Law §§ 200, 240 (1) and § 241 (6), as well as common-law negligence. On a prior appeal, we affirmed the dismissal of plaintiffs' causes of action against the Lansings and held that the motion for summary judgment by William Bornt and his brother, defendant Edward Bornt, was premature. The matter is before us again following Supreme Court's issuance of partial summary judgment on the issue of liability to plaintiffs on their Labor Law § 240 (1) and § 241 (6) causes of action against Cantanucci and its denial of the Bornts' motion for summary judgment dismissing the complaint and cross claims against them.

Cantanucci contends that summary judgment in plaintiffs' favor was unwarranted because this was an unwitnessed accident. That circumstance does not necessarily preclude summary judgment, particularly where the plaintiff's account is unchallenged or there is independent proof of the failure of a safety device (*see, Niles v Shue Roofing Co.*, 219 AD2d 785; *LaJeunesse v Feinman*, 218 AD2d 827, 828). However, where the plaintiff's version of the accident is inconsistent with either his own previous account or that of another witness, a triable issue of fact may be presented (*see, Rodriguez v New York City Hous. Auth.*, 194 AD2d 460, 462).

In this instance, Cantanucci opposed plaintiffs' motion with the affidavit of Eric Dahl, a co-worker of Macutek, who had gone to the accident site on November 20, 1987 to retrieve Macutek's truck. Dahl stated that when he walked up to the residence he saw two 2 inch by 8 inch or 2 inch by 10 inch unnailed planks leading from the outside of the porch foundation to the inside of the residence's front entranceway. His observation contradicts Macutek's pretrial deposition testimony that, after he fell, he noticed that the right plank had fallen off the foundation onto the ground. In our opinion, Dahl's averment creates an issue of fact for, if the planks were still in place after Macutek's fall, it raises the possibility that his accident can be attributed to the fact that he simply fell from the walkway rather than to the failure of the walkway (*see, Russell v Rensselaer Polytechnic Inst.*, 160 AD2d 1215, 1216; *compare, Davis v Pizzagalli Constr. Co.*, 186 AD2d 960, 961). In view of this possibility, Supreme Court should have left the issue of Cantanucci's liability under Labor Law § 240 (1) for the trier of fact (*see, Abramo v Pepsi-Cola Buffalo Bottling Co.*, 224 AD2d 982).

Likewise, this possibility raises the issue of whether the alleged failure to construct the walkway in accordance with the

regulations promulgated under Labor Law § 241 (6) was the proximate cause of Macutek's accident, thereby precluding summary judgment on this cause of action (see, *Springer v Clark Publ. Co.*, 171 AD2d 914, 916).

Turning to the Bornts' appeal, Supreme Court should have awarded summary judgment to Edward Bornt since the evidence demonstrates that he was an employee of his brother and there is no proof that he constructed or placed the allegedly defective walkway across the porch.

For the following reasons, the Labor Law causes of action asserted against William Bornt (hereinafter Bornt) should also have been dismissed. The Labor Law § 200 cause of action is deficient as a matter of law inasmuch as there is no proof that Bornt had any authority to control or direct Macutek in the performance of his job (see, *Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877; *Russin v Picciano & Son*, 54 NY2d 311, 317). This lack of authority also vitiates the causes of action under Labor Law § 240 (1) and § 241 (6) as it means that Bornt cannot be deemed an agent within the meaning of those statutes even though, as plaintiffs contend, he may have constructed the walkway (see, *Currie v Scott Contr. Corp.*, 203 AD2d 825, 826, *lv dismissed* 84 NY2d 977; *Iveson v Sweet Assocs.*, 203 AD2d 741, 742; *Walsh v Sweet Assocs.*, 172 AD2d 111, 114, *lv denied* 79 NY2d 755).

We reach a different conclusion regarding plaintiffs' common-law negligence cause of action asserted against Bornt. The record discloses that after the foundation was poured the next and only construction activity that took place prior to Macutek's fall was Bornt's framing of the residence. According to a member of Bornt's crew, they gained access to the residence through the front entranceway by means of a ramp. Further, Mark Lansing testified that at approximately the time the framing began he noticed planking against the front porch up to the sill of the front entranceway. In our view, this record sets forth sufficient facts from which the jury could reasonably infer that Bornt constructed and/or furnished the walkway Macutek allegedly fell from (see, *Spett v President Monroe Bldg. & Mfg. Corp.*, 19 NY2d 203, 205). Accordingly, Supreme Court's determination not to dismiss this cause of action was proper (see, *Smith v Cassadaga Val. Cent. School Dist.*, 178 AD2d 955, 957).

Bornt's contention that this cause of action is precluded by Macutek's alleged assumption of the risk is meritless. If that doctrine is applicable, Macutek's conduct would fall under the theory of implied assumption of risk which will result, at most,

in a diminishment of his damages (*see, Arbegast v Board of Educ.*, 65 NY2d 161, 169-170).

To capsulate, we shall modify Supreme Court's order by denying plaintiffs' motion for summary judgment on the issue of liability against Cantanucci and granting Edward Bornt's motion for summary judgment dismissing the complaint and cross claims asserted against him, as well as William Bornt's motion for summary judgment to the extent of dismissing the Labor Law causes of action asserted against him.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by denying plaintiffs' motion for summary judgment on the issue of liability against defendant Joe Cantanucci, granting defendant Edward Bornt's motion for summary judgment dismissing the complaint and all cross claims asserted against him, and granting defendant William Bornt's motion for summary judgment to the extent of dismissing the causes of action in the complaint predicated upon Labor Law §§ 200, 240 (1) and § 241 (6); and, as so modified, affirmed.